American Blue Stone Company, Plaintiff, *v.* Cohn Cut Stone Company, Defendant.

(Supreme Court, Erie Special Term, November, 1916.)

Witness — evidence — questions tending to incriminate witness — Code Civ. Pro. § 837.

> The provision of section 837 of the Code of Civil Procedure that a competent witness shall not be excused from answering a relevant question does not require him to give an answer which will tend to incriminate him.
>
> Where in an action to enforce a written guaranty claimed to have been executed by the defendant corporation through its president it cannot be said that apparently harmless questions put to him upon his examination will not subject him to the peril of prosecution, or that his refusal to answer is contumacious, he will not be compelled to answer.

Action to enforce a written guaranty.

Elmer E. Charles, for plaintiff.

Abraham H. Spigelgass, for relator Joseph M. Cohn.

Taylor, J.   This action is brought to enforce a written guaranty claimed to have been executed by this defendant through its president, Joseph M. Cohn. An examination before trial of the defendant through its claimed president, Joseph M. Cohn, has heretofore been ordered. On that examination the relator, after answering that his recollection was that he had been president of the defendant company at one time, and after stating that the signature to the claimed guaranty in question was his, and after stating that he signed it on December 10, 1908, was asked the two following questions: 1. " Were you president of the

defendant Cohn Cut Stone Company at the time you
signed this paper, ' Jos. M. Cohn, President? ' "
2. " I show you exhibit A and ask you if the seal at
the left side of the bottom of the sheet is the corporate
seal of the Cohn Cut Stone Company? " The wit-
ness declined to answer each of these questions, by
the advice of counsel as he stated, on the ground that
the answers might tend to incriminate him. The rela-
tor's counsel was with him at the time of the exam-
ination and was permitted to consult with the relator
before the relator's refusal to answer. The proceed-
ings before the referee have been certified to me and a
motion is made to require the said Joseph M. Cohn
to answer the above questions.

At first glance I confess it appeared to me almost
ridiculous to permit this witness to refuse to answer
these questions. They appear harmless enough, and
it seemed at first that the plaintiff should be unques-
tionably allowed to obtain this information from such
a direct source. However, it must be borne in mind
that the relator has been brought before the referee
in this manner before trial against his will and to
further the purposes of the plaintiff. And while this
is not a criminal action or a proceeding of a criminal
nature wherein the relator could take advantage of his
constitutional privilege of not testifying against him-
self, still we must bear in mind that section 837 of our
New York Code of Civil Procedure states that " This
provision [that a competent witness shall not be
excused from answering a relevant question] does not
require a witness to give an answer, which will tend
to accuse himself of a crime or misdemeanor." In
investigating this matter I have been impressed by
some of the observations of the court in its opinions
in *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219, and
*People* v. *Priori,* 164 id. 459. Of course, these were

criminal cases, but the principle involved seems to be substantially the same as that now under discussion. In the first mentioned case the court makes it clear that a witness under this section is privileged to refrain from divulging, not only all the facts and circumstances which might subject him to successful prosecution for a crime, but to refrain from furnishing a single link in a chain of facts capable of being used to his detriment or peril. Furthermore, as the court says in the *Taylor* case: "The witness who knows what the court does not know, and what he cannot disclose without accusing himself, must in such cases judge for himself as to the effect of his answer, and if, to his mind, it may constitute a link in the chain of testimony, sufficient to convict him, when other facts are shown, or to put him in jeopardy, or subject him to the hazard of a criminal charge, indictment or trial, he may remain silent. While the guilty may use the privilege as a shield it may be the main protection of the innocent, since it is quite conceivable that a person may be placed in such circumstances, connected with the commission of a criminal offense, that if required to disclose other facts within his knowledge he might, though innocent, be looked upon as the guilty party."

Of course, as is further said in the *Taylor* case, " The weight of authority seems to be in favor of the rule that the witness may be compelled to answer when he contumaciously refuses, or when it is perfectly clear and plain that he is mistaken, and that the answer cannot possibly injure him, or tend in any degree to subject him to the peril of prosecution. But the courts have recognized the impossibility in most cases of anticipating the effect of the answer. Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude

all reasonable doubt or fair argument, the privilege must be recognized and protected.''

Harmless as these questions appear it is extremely difficult in the case before me for the court to say whether or not the answers required will subject the witness to the peril of prosecution. I cannot well say on the record before me, or for record purposes, that the refusal to answer is contumacious without requiring the witness to file an affidavit particularly specifying his reasons; and the requiring of that might do the very mischief which section 837 seeks to prevent.

Therefore, since the witness has filed an affidavit stating the reasons for his refusal to answer — very general reasons to be sure — since his counsel has stated in open court his real reasons for refusing to answer which, of course, cannot be a matter of record, and since the facts sought to be obtained seem to be readily obtainable otherwise, I have determined not to require the witness to answer. If in good faith the witness feels that the answering of these questions, apparently so harmless, would subject him to the risk of prosecution for committing a crime — and the court must conclude that the witness is of that opinion since he invokes the aid of the statute — he should be permitted to shield himself beneath the cloak provided by our legislature for those who feel themselves thus in jeopardy.

Ordered accordingly.