In the Matter of the General Assignment for the Benefit of Creditors of GENERAL FOOTWEAR CORPORATION, Assignor, to IRWIN M. BERNER and ROBERT V. FISTERE, Assignees.

Supreme Court, New York County, July 9, 1931.

*Lesser Brothers* [*William Lesser* of counsel], for the assignees.

*Shaine & Weinrib* [*Maurice L. Shaine* of counsel], for the witness.

WALSH, J. The above assignees procured an order from this court for the examination before them of Samuel B. Berkow, the president of the assignor, pursuant to the Debtor and Creditor Law of this State. Berkow appeared for examination and, upon being interrogated with respect to a financial statement of the assignor, refused to answer the questions upon the ground that the answers might tend to incriminate him. It is claimed by the assignees that by section 16 of the Debtor and Creditor Law the witness is compelled to answer all questions propounded to him

which relate to the acts, conduct and property of the assignor. Section 16 of the Debtor and Creditor Law (as amd. and renum. by Laws of 1914, chap. 360) provides that on an examination conducted thereunder " no witness or party as above provided shall be excused from answering on the ground that his answer may incriminate him, but such answer shall not be used against him in any criminal action or proceeding." The assignee contends that the provisions of the Debtor and Creditor Law do not afford to the witness complete immunity against self-incrimination and hence he is entitled to stand on his constitutional right to refuse to give self-incriminating evidence. Neither side has been able to find any decisions construing section 16. Under constitutional and statutory provisions against self-incrimination the principle is firmly established, both by the decisions of the Federal and State courts, that no one shall be compelled in any judicial or other proceeding against him or upon the trial of the issues between others, to disclose facts or circumstances that may be used against him or admissions tending to prove his guilt or connection with any criminal offense of which he may then or afterwards be charged, or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained. (*People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219, and cases cited.) Where, however, immunity against criminal prosecution is afforded the witness, he is compelled to answer. Such immunity must be adequate. It must be absolute protection against self-incrimination. (*People ex rel. Lewison* v. *O'Brien,* 176 N. Y. 253; *Conselman* v. *Hitchcock,* 142 U. S. 547.) A provision merely inhibiting the reception of the evidence given by the witness against him upon a criminal prosecution affords no such adequate and absolute protection, for his own testimony may disclose the connection of other persons with the transaction, and reveal facts which may tend to fasten the crime upon him. (*People ex rel. Lewison* v. *O'Brien, supra; Conselman* v. *Hitchcock, supra; Chappell* v. *Chappell,* 116 App. Div. 573.) Section 16 of the Debtor and Creditor Law, therefore, fails to grant protection coextensive with that afforded by the Constitution and does not give the witness the protection contemplated thereby. (See cases *supra.*) The constitutional provision against self-incrimination applies to civil as well as criminal cases. (*Chappell* v. *Chappell, supra; Matter of Rouss,* 221 N. Y. 81; *Conselman* v. *Hitchcock, supra;* 28 R. C. L. 442 *et seq.*) It is not here claimed that the refusal to answer is a mere pretext. Hence the witness comes within the privilege which he has claimed. The witness is not obliged to answer the questions propounded.