In the Matter of the Estate of LOUISIANA BROWN, Deceased.

Surrogate's Court, Kings County, November 9, 1931.

*Clarence R. Freeman,* for the petitioner.

*Weinstein & Levinson,* for the respondent.

WINGATE, S. The respondent herein moves to vacate the order of discovery granted by the court on October 1, 1931. The grounds upon which this application is predicated, are, in substance: (a) That the petition and papers upon which the order of discovery was secured do not indicate that reasonable grounds exist for an

examination herein pursuant to section 205 of the Surrogate's Court Act; (b) that respondent has tendered to the petitioner all of the personal property in her possession belonging to the estate, and has no other property belonging thereto either in her possession or under her control; (c) that petitioner has failed to show what specific property (other than that tendered) it is claimed is in the possession or under control of the respondent; (d) that the discovery proceeding was instituted in bad faith for the purpose of ascertaining and discovering evidence for use in another action pending in the Supreme Court of this State, and brought by the respondent and others against the petitioner.

(a) Section 205 of the Surrogate's Court Act authorizes an administrator to present to the Surrogate's Court from which letters were issued to him, " a petition setting forth on knowledge, or information and belief, any facts tending to show that money or other personal property, or the proceeds or value thereof, which should be delivered or paid to the petitioner * * * is in the possession, under the control or within the knowledge or information of a person who withholds the same from him, * * *; or who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such * * * administrator * * * in making discovery of such property, and praying an inquiry respecting it, * * *. The petition may be accompanied by an affidavit or other written evidence, tending to support the allegations thereof. If the surrogate is satisfied on the papers so presented, that there are reasonable grounds for the inquiry, he must make an order accordingly."

The petition and affidavits upon which the order is based describe with reasonable definiteness the particular articles of personal property concerning which the discovery is sought. The articles of jewelry are enumerated, the amount of money is specified, and the documents and papers alleged to be the property of the estate are described with sufficient statutory compliance. Moreover, the petitioner reveals the circumstances under which it is alleged that the respondent secured possession of these articles and, in addition, the sources of the petitioner's information and the grounds for his belief. The court is satisfied, therefore, that reasonable grounds exist for the present inquiry. (See *Walsh* v. *Downs*, 3 Dem. 202.)

(b) Respondent's tender of a portion of the articles of personal property claimed by the petitioner, and her denial of possession or control of other property belonging to the estate do not constitute sufficient grounds to vacate the order now being attacked. " If the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged

to the decedent, or any property of the estate, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition." (Surr. Ct. Act, § 206.) The respondent has so answered and is subject to the above provisions.

(c) The documents and papers concerning which the examination is sought are described with sufficient particularity. As was recently stated in an opinion by the Appellate Division, First Department, " the primary purpose of the discovery proceeding is still inquisitorial." (*Matter of Nutrizio,* 211 App. Div. 8, at p. 13.) " This very proceeding is intended to remove indefiniteness and uncertainty in respect to things that are unknown to the executor or administrator and to give the representative an opportunity to find out, with certainty and definiteness, about things as to which he lacks information." (*Matter of Gick,* 49 Misc. 32, at p. 38.) The documents and papers are described with sufficient definiteness to apprise the respondent as to their identity, and with all of the particularity that the petitioner possesses.

(d) This court is in accord with the proposition that discovery proceedings may not be resorted to for the purpose of seeking evidence to be used in other proceedings. (*Matter of Ehrlich,* 126 Misc. 673; *Matter of Ryan,* 115 id. 472; *Matter of Denham,* 182 N. Y. Supp. 90.) Such proceedings, however, may be brought to compel the delivery of specific personal property, or to obtain knowledge or information with regard to its possession. This is all that the petitioner is entitled to. This is all the order herein objected to permits.

The application to vacate the order of October 1, 1931, is denied. Settle order on notice.