In the Matter of the Estate of EDMUND SPARK LOWE, Deceased.

Surrogate's Court, Westchester County, June 6, 1933.

*Marlow & Hines,* for the administrator c. t. a.

*Lynch, Cahn & Weed,* for the respondent.

SLATER, S. The jurisdiction of the Surrogate's Court pursuant to section 205 of the Surrogate's Court Act is directed to money or other personal property, or the proceeds of value thereof, which should be delivered or paid to the petitioner and is in the possession, under the control, or within the knowledge or information of a person who withholds the same from the petitioner.

The Surrogate's Court has jurisdiction to try and determine the right to possession of specific property and can direct the delivery of only specific money or personal property *which belonged to the deceased in his lifetime.* (*Matter of Heinze,* 224 N. Y. 1; *Matter of Hyams,* 237 id. 211, 217; *Matter of Akin,* 248 id. 202, 206.) The *Hyams* decision was in 1923. In 1924, by chapter 100, the Legislature amended the law and provided that, if the petitioner is entitled to possession of property, the decree shall direct delivery thereof to him. Or, if the estate or property shall have been diverted or disposed of, the decree may direct payment of the proceeds or value of such property, or may impress a trust upon said proceeds, or make any determination which a court of equity might decree in following trust property or funds. (*Matter of Wilson,* 252 N. Y. 155; *Matter of Thomas,* 235 App. Div. 450 [1st Dept. 1932]; *Matter of Campbell,* 145 Misc. 389, FOLEY, S. [1932].)

Discovery proceedings may not be resorted to for the purpose of seeking evidence to be used in other proceedings. Such proceedings may be brought to compel the delivery of *specific personal property,* or to obtain knowledge or information with regard to the possession of specific property. This is all the petitioner is entitled to. (*Matter of Kingsley,* 111 Misc. 528; *Matter of Cofer,* 121 id. 292; *Matter of Brown,* 141 id. 805 [1931]; *Matter of Erlanger,* 148 id. 339, DELEHANTY, S.)

The petition alleges " that the decedent, Edmund Spark Lowe, between the 1st day of May, 1922, and the 4th day of December, 1932, when said Edmund Spark Lowe died, procured from his employer, B. Altman & Co., a department store located at Thirty-fourth street and Fifth avenue, in the borough of Manhattan, city of New York, sums of money in excess of $191,457.09; that checks of said B. Altman & Co. payable to the order of various persons were procured by said decedent and the proceeds of said checks were received by the decedent and deposited in various bank accounts in the name of the decedent and in the name of his wife, Catherine Lowe; that between the 1st day of January, 1930, and the 4th day of December, 1932, decedent procured sums of

money in excess of $60,414.36, received and deposited as aforesaid, which sums of money should be delivered to your petitioner," etc. These moneys are not claimed to be the property of the estate but are claimed as property of B. Altman & Co. B. Altman & Co. is a creditor of the estate to the extent of the moneys claimed by it. Their rights lay in the Supreme Court.

The petitioner says that household furniture and articles of personal property are in the possession of the widow, Catherine Lowe, at her home at Wykagyl Apartments, New Rochelle.

The petitioner endeavors to discover the *funds* of the decedent without pointing to any particular money in the possession of the person to be examined which the petitioner claims is owned by the estate. The moneys concerning which examination is sought are not described with sufficient particularity. The person sought to be examined has filed an answer denying that she has in her possession any property of the estate. In my opinion, the petition is insufficient except as it affects the household furniture and articles of personal property at decedent's home.

The respondent files an answer alleging that all property in the possession of the respondent belongs to her, and asks for a trial by jury. It is not enough to confer jurisdiction to submit the discovery proceeding to a jury that a question of title may arise in the courts on such proceedings. It must be shown to be present. The representative of the estate must point to specific property and allege title thereto.

There are two things that flow out of a discovery proceeding: *First,* its purpose of eliciting information as to the whereabouts of *specific property belonging to the decedent,* and, *second,* the trial of title to such specific property.

The whole theory of a discovery proceeding and trial by jury, if demanded (*Matter of Comfort,* 234 App. Div. 19), relates to specific property claimed by an estate, not an inquiry seeking to discover something less definite than a named fund or property.

The court, with the aid of a jury, will try title to such household furniture and articles of personal property as are in the possession of Catherine Lowe at decedent's home, Wykagyl Apartments, New Rochelle. It should be kept in mind, however, that section 200 of the Surrogate's Court Act, relating to exemption for benefit of family, applies.

Except as above related with regard to household furniture and articles of personal property in said apartment, the proceeding is dismissed, without prejudice, for the reason that the petition fails to point to any other specific property belonging to the estate which the administrator seeks to recover for the estate.

The verified petition of the administrator alleges that the decedent stole from his employer large sums of money which were deposited in various bank accounts in the name of the decedent and his wife, and are in the possession and control, or within the knowledge of Catherine Lowe. An unverified answer filed by her denies any knowledge of the alleged theft and asserts that, if she is possessed of any moneys formerly belonging to the decedent, she is the owner thereof. The answer is unverified in accordance with section 248 of the Civil Practice Act. (Surr. Ct. Act, § 50.)

Catherine Lowe, under oath, refused to answer questions set out in stenographer's minutes by reason of her constitutional right in that it would tend to incriminate and degrade her. The petitioner sought the court's aid in causing her to make answer. The court reserved decision. The witness here relies upon her privilege of not testifying respecting acts which might constitute a crime and that compelling the respondent to testify would be requiring her to give evidence against herself to support a possible crime.

I conclude that the respondent is within her constitutional and statutory right. (*American Blue Stone Co.* v. *Cohn Cut Stone Co.*, 97 Misc. 428; affd., 178 App. Div. 911; *People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219; *Matter of Doyle*, 257 id. 244, 267; *Travelers Insurance Co.* v. *Mulligan*, 231 App. Div. 222, 227; *Matter of General Footwear Corporation*, 140 Misc. 791.)

The case of *People ex rel. Taylor* v. *Forbes* (*supra*) is the leading case upon this subject and the law as laid down in this case is that it is left largely to the " witness who knows what the court does not know, and what he cannot disclose without accusing himself."