In the Matter of the Estate of MEYER LUKSIN, Deceased.

Surrogate's Court, New York County, December 9, 1935.

*Lazaar Henkin*, for the petitioner.

*Morris Mitchell*, for the respondent.

FOLEY, S.  This is an application by the petitioner to compel the respondent, Benjamin Luksin, to pay over to her, as administratrix of the estate, the sum of $17,542.45.

Pursuant to an order of discovery, the respondent appeared and was examined as to funds stated to be withheld by him from the estate.  The order for his examination was based upon the allegation of the administratrix, the widow of the decedent, that the respondent took substantial sums of money belonging to the estate and used them in his personal business affairs.

The respondent in his answer in this proceeding denies that the moneys were appropriated by him. He contends that they were moneys loaned by the administratrix to the firm of Luksin & Pesner, of which he was a member. He further contends that all but $8,126.29 have been repaid to the estate.

The examination of the respondent discloses that there was no appropriation of funds of the estate by him, but that the administratrix loaned to and invested with the firm of Luksin & Pesner, a partnership, out of the assets of the estate the aggregate sum of $49,747.65. Shortly after the decedent's death the administratrix issued a check dated December 21, 1928, for $25,000 to the order of Luksin & Pesner, which was deposited to the account of that firm. Subsequently, at various times between January 8, 1929, and August 28, 1930, ten checks aggregating $24,747.65 were drawn by the administratrix to the order of Luksin & Pesner, which were also deposited to the account of that firm. These latter sums were given to the partnership in return for customers' notes due to the firm, which the administratrix discounted and all of which were subsequently paid. They constituted, in effect, an investment of funds of the estate by the administratrix. It appears, further, from such examination, and it is conceded, that at least the sum of $31,805.20 was repaid to the administratrix by the respondent or by his firm.

The payments made to the partnership of Luksin & Pesner constituted a debt for which the partnership and the respondent as a member of the partnership were liable. Under these circumstances, the surrogate is without jurisdiction, in a discovery proceeding brought under sections 205 and 206 of the Surrogate's Court Act, to direct delivery of the balance remaining unpaid. While the administratrix was without authority to make the loans and investments that she did, the court is without power to decree delivery as against third persons of moneys withdrawn by the administratrix and illegally invested by her. Where specific property of an estate is wrongfully withheld, or has been diverted or disposed of by a third person, the surrogate may decree payment of the proceeds or value of such property under section 206 of the Surrogate's Court Act, or may impress a trust upon such proceeds or make any determination which a court of equity might decree in following trust property or funds. The jurisdiction of the surrogate is limited to specific property or its proceeds or value and may not be extended to enforce the collection of a simple debt. (*Matter of Hammer*, 237 App. Div. 497 [4th Dept.]; *Matter of Thomas*, 235 id. 450 [1st Dept.]; *Matter of Brazil*, 219 id. 594 [1st Dept.].) The misappropriation

or unlawful diversion or investment here was on the part of the administratrix. As between her and the firm of Luksin & Pesner or the respondent, there was, apparently, a simple debtor and creditor relationship.

Her responsibility to the distributees of the estate for any loss sustained must be fixed. The decedent was survived by the administratrix as his widow and three children, one of whom is still an infant. The widow was entitled to one-third of the estate left by the decedent and her children were entitled to two-thirds. As to her own share in the estate, she could invest or loan out as she pleased and at her own risk. As to the shares of the children, she had no right to make any loans or investments whatsoever. It was her duty and responsibility as the representative of the estate to ear-mark their funds for their benefit and to see to it that each child received its proper share. Of the total amount loaned or invested with the respondent or his firm there has, concededly, been repaid the sum of $31,805.20, a sum which is short by $1,359.90 the two-thirds share of such amount to which the children of the decedent are entitled as distributees. The moneys repaid to the administratrix by the respondent or his firm should first be applied to the payment of the distributive shares of the children of the decedent. The administratrix is also liable to the children for the difference of $1,359.90. As to the moneys still due from the respondent, the administratrix should proceed against him in an action in an appropriate forum to recover for her own account or as administratrix.

Since one of the distributees is an infant, the surrogate of his own motion, pursuant to section 257-a of the Surrogate's Court Act, directs that the administratrix file an account within thirty days, cause citation to be issued to all interested parties and proceed to judicially settle the account.

Submit order on notice dismissing the proceeding against the respondent and directing the filing of an account in accordance herewith.