MINNIE M. OWEN, as Administratrix of the Estate of RICHARD A. SOVOCOOL, Deceased, Plaintiff, *v.* WILLIAM FISHER et al., Defendants.

Supreme Court, Special Term, Tompkins County, January 3, 1947.

*Oscar J. Brown* for defendants.

*John Lo Pinto* and *Daniel Crowley* for plaintiff.

Coon, J.   The complaint alleges in substance that on the 18th day of May, 1946, the defendant Jeannette E. Fisher negligently operated an automobile, owned by the defendant William Fisher, in a westerly direction down a grade on East State Street, in the city of Ithaca, New York, and into and upon the sidewalk on the north side of East State Street, and struck and killed plaintiff's intestate who was a pedestrian upon such sidewalk.

A motion was made on behalf of the plaintiff for the examination of the defendant Jeannette E. Fisher before trial.   The motion was granted and such an examination ordered.   At such examination, conducted before a proper officer, not before the court, the defendant Jeannette E. Fisher answered certain preliminary questions and refused to answer certain questions, which were otherwise proper and pertinent questions, upon the

ground that her answers might incriminate her or tend to incriminate her. The plaintiff now seeks an order of the court compelling said defendant to answer such questions, or, in the alternative, that such defendant be deemed to have made a final and conclusive election to refuse to answer on the grounds asserted.

Apparently the alternative remedy seeks to foreclose at this time the defendant Jeannette E. Fisher from testifying at the trial of said action or at some subsequent time unless she testifies now. I find no authority, and none is cited on behalf of the plaintiff, for granting such an order. It seems clear that this court should not attempt to determine whether or not the said defendant should or should not give or be compelled to give testimony in the future. Conditions may be entirely different at the time of trial; this court has no way of knowing what questions will be asked; and circumstances may or may not be developed before the trial court which would present an entirely different situation than is revealed by the motion papers before me. That question must be determined when, as and if it arises. The only remaining question is whether or not this court should now compel the said defendant to answer the questions propounded despite her claim of privilege, which was clearly asserted by her counsel stating the proper grounds therefor.

Section 6 of article I of the Constitution of the State of New York prohibits compelling a person in any criminal case to be a witness against himself. The privilege likewise extends to civil actions and to examinations before trial. (Civ. Prac. Act, § 355; *Matter of Siegel* v. *Crawford,* 266 App. Div. 878; *Brill* v. *Dodd,* 36 N. Y. S. 2d 975.)

The questions which said defendant refused to answer need not be set forth in full. In general the questions had to do with the identity of the operator of the vehicle alleged to be involved, the manner of operation of such vehicle immediately preceding the alleged occurrence, and whether or not a vehicle operated by defendant-witness struck plaintiff's intestate. Obviously the answers to such questions would have a direct bearing upon a possible prosecution of the defendant-witness for manslaughter in the second degree (Penal Law, § 1052, subd. 3); for criminal negligence in the operation of a vehicle resulting in death (Penal Law, § 1053-a); or possibly a misdemeanor of reckless driving (Vehicle and Traffic Law, § 58).

It cannot be said on the record before me that such defendant's refusal to answer was contumacious or that her claim of

privilege was in bad faith. Although it is contended in the brief submitted on behalf of the plaintiff that the said defendant's refusal and her claim of privilege was not made in good faith, lack of good faith is not even asserted in the moving papers nor are any facts from which such a conclusion might be reached.

The privilege of a witness against self incrimination is very broad and has been carefully guarded by the courts. The leading and most frequently cited case on the subject is *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219). The court said, at pages 230–231: "The witness who knows what the court does not know, and what he cannot disclose without accusing himself, must in such cases judge for himself as to the effect of his answer, and if, to his mind, it may constitute a link in the chain of testimony, sufficient to convict him, when other facts are shown, or to put him in jeopardy, or subject him to the hazard of a criminal charge, indictment or trial, he may remain silent."

And again: "Where it is not so perfectly evident and manifest that the answer called for *cannot* incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected." (Emphasis mine.) Although this was a criminal case, it has been followed and cited in numerous civil cases. (*Travelers Insurance Co.* v. *Mulligan,* 231 App. Div. 222; *American Blue Stone Co.* v. *Cohn Cut Stone Co.,* 97 Misc. 428.)

The plaintiff urges that there is no reasonable probability of criminal prosecution in this case and bases this contention upon the affidavit of an associate counsel for the plaintiff that the coroner, chief of police and district attorney have stated to him, in effect, that the case was closed and that there would be no criminal prosecution. However, the testimony sought from this defendant might very well provide a link of evidence which would necessitate or motivate a prosecution, and there is nothing whatever to prevent it. In no legal sense has the defendant been granted immunity of any kind — certainly not immunity which is as broad and comprehensive as the privilege itself. (*Matter of Doyle,* 257 N. Y. 244.) In that case Chief Judge CARDOZO states, at pages 256–257: "The privilege is not removed if there are loopholes in the tender of immunity through which a prosecutor can cut a way to indictment and conviction. The immunity must be as broad as the privilege destroyed." And again at page 265: "The witness is within his privilege in insisting that the basis for his immunity shall be something more substantial than the grace or favor of the prosecutor who may bring him to the bar of justice * * *."

It is also contended by the plaintiff that if the alleged operator of an automobile is permitted to stand upon the privilege involved here, it would practically nullify the statutes relating to examinations before trial in negligence cases, and in certain cases where there were no other eyewitnesses would perhaps result in an injustice. The court is fully aware of the serious consequences that might be involved, but the court must accept the law as it is and cannot cast aside a well-established privilege granted and guaranteed to a citizen because the exercise of such privilege may result in undesirable consequences. In *Matter of Doyle* (257 N. Y. 244, *supra*) Chief Judge CARDOZO says, at page 268: " We are not unmindful of the public interests, of the insistent hope and need that the ways of bribers and corruptionists shall be exposed to an indignant world. Commanding as those interests are, they do not supply us with a license to palter with the truth or to twist what has been written in the statutes into something else that we should like to see."

It has been held: " Where his answer would have a tendency to incriminate the witness, he is protected in his claim of privilege irrespective of his motive. It is immaterial what other purpose his silence serves." (*Brill* v. *Dodd,* 36 N. Y. S. 2d 975, 976, *supra.*) The defendant Jeannette E. Fisher has merely asserted a legal right which the law has guaranteed her in refusing to answer the questions involved on this motion.

The motion is denied, without costs.