In the Matter of the Estate of MORRIS KIRCHENBAUM, Deceased.

Surrogate's Court, Schenectady County, August 6, 1949.

*Mitchell A. Kohn,* as executor of Morris Kirchenbaum, deceased, petitioner in person.

*Aaron Leonard Bluestein* and *Nathan M. Medwin* for Celia Martin.

*Harry G. Coplon* for Lester Kirchenbaum, respondent.

CAMPBELL, S.    This court is confronted with a motion to dismiss the petition in this discovery proceeding instituted pursuant to section 205 of the Surrogate's Court Act.

Testator died in the county of Schenectady on May 11, 1929, leaving his last will and testament which was admitted to probate. Petitioner was appointed executor by this court on May 16, 1929.

Testator, pursuant to his will, left a one-half interest in his scrap metal business to a son, Lester Kirchenbaum, respondent. The nature of this proceeding is to have him account for the other and remaining one half of the business over a period of more than twenty years.  Since 1929, when the will was admitted to probate, no proceedings of any kind have been had in this or any other court, except that the executor, petitioner herein, has been ordered to account.  The petition at bar alleges:

" III. That there is certain money, or other personal property of Morris Kirchenbaum, the decedent above named, to wit: Assets of a certain business consisting of a junk or salvage yard for the buying and selling of what is known as junk and certain moneys, profits and income from the said business, the same having been in the possession and under the control of Lester Kirchenbaum and within the knowledge or information of Lester Kirchenbaum, who resides at Schenectady, N. Y., and withholds such possession from your petitioner and that the said Lester Kirchenbaum refuses to impart knowledge or information he may have concerning the said property, or to disclose any other fact which will aid such executor in making discovery of such property for the purpose of making an accounting.

" IV. That your petitioner has obtained knowledge concerning the said property as follows: that your petitioner upon information and belief, or concerning which he has been informed that the said Lester Kirchenbaum has used said personal property and conducted said business without informing or advising your petitioner in using and conducting the business and either loss or gain, and that the value thereof is unknown to your petitioner, and the same is withheld by the said Lester Kirchenbaum from the petitioner herein; that the said Lester Kirchenbaum

has never accounted as to the profits or losses connected with the use of the said personal property belonging to the decedent.''

It is manifest from the foregoing excerpts from the petition that no *specific personal property* of the decedent is being withheld from the executor but that the matter in question is one of *accounting* at the utmost. No *specific sum of money* is alleged as being withheld by Lester Kirchenbaum from the executor and no other *specific personal property,* such as stocks, bonds or jewelry, property of the decedent, is alleged as being withheld from the executor.

On the face of the petition, this matter is one of accounting and the remedy, in the opinion of this court, is an action against the son for an accounting if any profits or income from the business in question is due testator's estate.

In *Matter of Lowe* (148 Misc. 107, 108) Surrogate SLATER states: '' Discovery proceedings may not be resorted to for the purpose of seeking evidence to be used in other proceedings. Such proceedings may be brought to compel the delivery of *specific personal property,* or to obtain knowledge or information with regard to the possession of specific property. This is all the petitioner is entitled to. (*Matter of Kingsley,* 111 Misc. 528; *Matter of Coffer,* 121 id. 292; *Matter of Brown,* 141 id. 805 [1931]; *Matter of Erlanger,* 148 id. 339, DELEHANTY, S.)''

The opinion in this case continues at page 109: '' There are two things that flow out of a discovery proceeding: *First,* its purpose of eliciting information as to the whereabouts of *specific property belonging to the decedent,* and, *second,* the trial of title to such specific property. .

'' The whole theory of a discovery proceeding and trial by jury, if demanded (*Matter of Comfort,* 234 App. Div. 19), relates to specific property claimed by an estate, not an inquiry seeking to discover something less definite than a named fund or property.''

A Surrogate's Court has no jurisdiction to enforce the payment of an undetermined amount of money as here claimed by petitioner in a discovery proceeding. Petitioner's remedy is an action at law against decedent's son, Lester Kirchenbaum, wherein the specific amount òf money due the estate is deter-mined definitely, or the issues may be tried out on the final accounting. .

A discovery proceeding must deal with *specific property* alleged to belong to the estate of a decedent. In this case there is no specific property alleged in the petition such as a definite sum of money that might have been paid pursuant to a life insurance policy, ancient coins, specific jewelry worn by

decedent, antique furniture, family heirloom, stamp collection, bank deposit of a specific amount, cash in safety deposit box and similar *specific* sums of money and articles of personal property.

In *Matter of Lichtblau* (146 Misc. 278, 281–282) the court said: " Upon the determination that title is in the respondent there is a complete adjudication of the rights of the parties in the discovery proceeding. A partnership accounting is an independent proceeding and is not incidental to the determination of the rights of the parties in the present proceeding. Its purpose is to determine the *extent of the indebtedness* of the accountant to the estate. There is *no jurisdiction* in this court to direct such an accounting or to determine such an indebtedness either in an independent proceeding or *one for discovery.* (*Matter of Thomas,* 235 App. Div. 450, 454; *Matter of Bawer,* 132 Misc. 568; affd., 226 App. Div. 866; *Matter of Kassel,* N. Y. L. J. Nov. 30, 1932, WINGATE, S.)" (Italics supplied.)

In *Matter of Thomas* (235 App. Div. 450, 454) the court said: " These provisions [Surrogates' Ct. Act, §§ 205, 206] do not indicate an intent of the Legislature to vest in Surrogates' Courts jurisdiction of *actions at law* for the recovery of common debts or to enforce ordinary contract obligations. An action to establish a debt *must* still be brought in the common-law forums where the evidence may be presented by testimony taken in open court." (Italics supplied.)

In *Matter of Hammer* (237 App. Div. 497, 501–502) Presiding Justice SEARS of the Fourth Department states the rule, citing the *Thomas* case (*supra*): " As we read the amended sections, however, the inquiry and the resulting decree must still refer to *specific personal property* or its proceeds or value. The property may be intangible, such as a right to a bank account. (*Matter of Akin,* 248 N. Y. 202.) But we find nothing to indicate that by means of such a proceeding an executor may enforce the collection of a simple debt. (*Matter of White,* 119 App. Div. 140; *Matter of Brazil,* 219 id. 594; *Matter of Thomas,* 235 id. 450.)" (Italics supplied.)

Again, in *Matter of Booth* (215 App. Div. 516) the court pointed out that a discovery proceeding must relate to *specific* property. The following quotation is taken from page 518: " While equitable jurisdiction has been so conferred on the Surrogate's Court its decree is to be limited to the delivery of *specific property. (Matter of Cofer,* 121 Misc. 292.)" (Italics supplied.)

The late Surrogate FOLEY decided the *Cofer* case last cited. At page 293, he said: " The jurisdiction of this court in discovery

proceedings is limited to ' money or other personal property.' The decree terminating the proceeding can only direct the delivery of *specific money* or personal property, and the surrogate is without power to direct the payment of the proceeds resulting from the sale of specific property, even though it has been converted by the respondent. *Matter of Heinze,* 224 N. Y. 1." (Italics supplied.)

Former Surrogate WINGATE, in *Matter of Brown* (141 Misc. 805, 807), states: " This court is in accord with the proposition that discovery proceedings may not be resorted to for the purpose of seeking evidence to be used in other proceedings. (*Matter of Ehrlich,* 126 Misc. 673; *Matter of Ryan,* 115 id. 472; *Matter of Denham,* 182 N. Y. Supp. 90.)"

In *Matter of Kingsley* (111 Misc. 528, 529–530) Surrogate FOLEY stated: " Where it is admitted that the object of the proceeding is to secure information about property which is incapable of delivery an examination is unnecessary and the proceeding should end. It cannot be used for the purpose of ascertaining and discovering evidence to be used in another action or proceeding. *Estate of Denham,* N. Y. L. J. June 7, 1917; affd., without opinion, 180 App. Div. 935. The wisdom of the rule in *Matter of White, supra* [119 App. Div. 140], is borne out by the difficulty of disposing of the issues here. If this court attempted to hear and determine this controversy it would be compelled to act on equitable principles on the theory that the respondent was a trustee."

Again, in *Matter of Luksin* (160 Misc. 926, 927) the court stated the rule: " The jurisdiction of the surrogate is limited to *specific property* or its proceeds or value and may not be extended to enforce the collection of a simple debt. (*Matter of Hammer,* 237 App. Div. 497 [4th Dept.]; *Matter of Thomas,* 235 id. 450 [1st Dept.]; *Matter of Brazil,* 219 id. 594 [1st Dept.].)" (Italics supplied.)

Thus it will be seen that no *specific fund* is sought by petitioner and that the amount alleged to be due this estate is indefinite and uncertain, if any sum is actually due.

Petitioner's remedy, as this court views it, is an action for an accounting where the amount due, if any, can be definitely fixed by judgment of the court and where all the facts and circumstances can be shown by competent evidence on the trial of all the issues.

Therefore, the motion to dismiss the petition is granted.

Enter order accordingly.