ISIDORE SAMSON ET AL. v. MICHAEL A. BERGIN

COURT OF COMMON PLEAS    WINDHAM COUNTY    FILE No. 734

Memorandum filed November 6, 1950.

*Marvin C. Gold,* of New Haven, for the Plaintiffs.

*Charles S. Bradford,* of Putnam, for the Defendant.

FITZGERALD, J.    Plaintiffs are residents of the city and county of New York, state of New York, doing business under the trade name of Samson Woolen Company.    Defendant is a resident of the town of Thompson in Windham County, state of Connecticut, doing business under the trade name of Jane Woolen Mills in Wilsonville in said county and state.    In this action the plaintiffs are seeking to recover of the defendant on a judgment entered in their favor on February 8, 1949, in the Supreme Court of the state of New York in and for the county of New York.    The amount of the judgment in suit is $1373.50 and is based upon an award of arbitrators on November 30, 1948, in favor of the plaintiffs, including an item of court costs.

The sole question presented upon which the parties are at issue is whether the award of the arbitrators and judgment thereon of the New York court are void for lack of jurisdiction over the person of the defendant, a Connecticut resident, who at no

time appeared at any of the hearings before the arbitrators in New York City, and who was never served by legal process in connection with proceedings thereafter had in the New York court and did not appear at such proceedings in person or otherwise.

Counsel are in agreement respecting the essential facts which may be briefly summarized. In December, 1947, the parties entered into a written contract which superseded an earlier contract between them. The contract provided for delivery by the defendant to the plaintiffs during the first three months of 1948 certain wool fabrics at a designated cost per yard. Subsequently, the defendant failed to make deliveries in accordance with the contract and the plaintiffs claimed that they thereby suffered damages. In reliance upon a clause in the contract hereinafter considered, the plaintiffs in writing demanded of the defendant that the question of resulting damages to them be submitted to arbitration. So, also, the plaintiffs requested the American Arbitration Association to proceed under the rules for an arbitration of the question. Defendant ignored the demand of the plaintiffs for arbitration as well as the written request of the association to indicate his preference for arbitrators from a list of names appearing on a panel list submitted to him. The association thereafter appointed three arbitrators and gave notice to the defendant of the dates set for hearings in New York City. Defendant did not appear at any of the hearings but did receive notice of the subsequent award to the plaintiffs. Thereafter the New York court, upon application of the plaintiffs, pursuant to statutes of that state, confirmed the award of the arbitrators and entered judgment thereon which has given rise to this action. Defendant was not served by process in connection with the court proceedings. He did have notice, however, of the proceedings to be had.

In its judgment the New York court specifically found that the defendant failed to appear before the arbitrators although timely notice had been given him in accordance with the rules of the association. The New York judgment, on the aspect of jurisdiction, was based on § 1450 of the New York Civil Practice Act relating to contracts for arbitration, which reads, in part: "The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission."

That portion of clause 10 of the contract which enters vitally into the determination of the question presented reads: "Any complaint, controversy, or question which may arise with respect to this contract that cannot be settled by the parties thereto, shall be referred to arbitration. . . . All other controversies [such as the one at bar] shall be submitted to The American Arbitration Association."

At least three rules of the American Arbitration Association have application to the problem. They are rules 1, 10, and 39, reading:

"1. The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever, in the Submission or other written agreement, they have provided for arbitration by the American Arbitration Association or under its Rules. These Rules and any amendment thereof shall apply in the form obtaining at the time the arbitration is initiated.

. . .

"10. The parties may mutually agree on the locality where the arbitration is to be held. If the locality is not designated in the contract or Submission, or if within seven days from the date of filing the Demand or Submission, the parties do not notify the Administrator of such designation, it shall have power to determine the locality and its decision shall be final.

. . .

"39. Each party to a Submission or other agreement which provides for arbitration under these Rules shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for entry of judgment on an award made thereunder may be served upon such party (a) by mail addressed to such party or his attorney at his last known address or (b) by personal service, within or without the state wherein the arbitration is to be held (whether such party be within or without the United States of America); provided that reasonable opportunity to be heard with regard thereto has been granted such party."

Counsel have filed elaborate briefs which cite, discuss and quote a vast array of cases decided by federal and state courts throughout the country on the general question presented. So, also, they have invoked the comments of reputable text writers on the subject. The precise question has not heretofore been

litigated in Connecticut. It is sufficient to say that the cases in the main are collected in 73 A. L. R. 1460 and 48 Columbia Law Review 366. Parenthetically, the court feels compelled to observe that it rarely happens that a specific case has an identical twin brother. So it is with the case at bar.

The general proposition that, in the absence of jurisdiction over the person of a defendant, a judgment against him is invalid has come to have a recognized exception. Consent to the exercise of jurisdiction by an individual has been deemed sufficient. See *Mulcahy v. Whitehill*, 48 F. Sup. 917, 919, and cases there cited; Restatement, Conflict of Laws, § 77(d); 1 Beale, Conflict of Laws, § 81.1. It now remains to determine whether it can be said that the defendant at bar has sufficiently given his consent to arbitration in New York and to judgment confirming that award entered by the New York court.

Factually, the case of *Matter of Bradford Woolen Corporation*, 189 Misc. 71 N. Y. Sup. 2d 257, more closely approximates the case at bar than any other which has been cited by counsel. The facts thereof appear to be stated more in detail in the Columbia Law Review, supra, than in the opinion itself. It appears that the petitioner was a New York corporation and the respondents were residents of Massachusetts. A purchase order in the nature of an agreement between the parties stated on its face that "this order has been given and is accepted pursuant to the terms herein set forth and the terms and conditions on the reverse side hereof which form part of this order." The reverse side of the order contained ten paragraphs, the last of which was identical with clause 10 of the contract at bar, excepting that it specifically recited that the rules of the American Arbitration Association were to govern the arbitration and that judgment upon the award may be entered in the highest court of the forum having jurisdiction. A dispute thereafter developed between the parties arising out of their agreement, and the same pattern was adopted by the respondents as by the defendant in the case at bar, excepting that the jurisdictional question was raised by them on special appearance in the Supreme Court for New York County by cross motion on the petitioner's motion for judgment of confirmation on the arbitrators' award rather than in a subsequent suit on the judgment in their own state. The question was decided adversely to the respondents.

Defendant recognizes that the *Bradford* case contains points of similarity with the case at bar but emphasizes a definite distinction. Admittedly clause 10 in the contract in this case does

not specifically recite that the rules of the association as such shall be the rules applicable to any arbitration, as was the situation in the *Bradford* case. But reference to the association is clearly made as the medium for the submission of controversies. In signing the contract the defendant was put on notice that the association through its channels was made the medium of arbitration. So also he should be held to knowledge of the fact that all associations have rules and conduct their activities pursuant thereto. His testimony that he knew nothing about the American Arbitration Association, notwithstanding the fact that he signed a contract which conferred a role upon the association in the event of future differences thereafter arising out of that contract, would indicate a careless approach to a business transaction which should not penalize other parties. So, also, he knew that the plaintiffs were residents of, and did business in, New York, and, if the place of arbitration was to be left entirely to them because of his inertia, New York City would be their preference and a New York court the forum of confirmation.

Based upon the result obtained in the *Bradford* case, and the reasoning in the *Mulcahy* case, the court concludes as follows: Defendant's unqualified submission of disputes to arbitration necessarily implied a submission to the rules of the American Arbitration Association and to the law of New York governing such arbitration. By such consent he became bound, in so far as disputes arising out of the contract were concerned, by the association's rules of procedure. Since the contract contains no provision for cancellation or revocation, the defendant should not be permitted to effect a cancellation or revocation of a clause which may prove displeasing to him at a later date, even in the name of jurisdiction.

In conclusion it is deemed of moment to refer to the opening sentence of the article in the Columbia Law Review, supra, wherein it is stated: "Arbitration has come into prominence as a mechanism for the quick and economical settlement of disputes, without running the gauntlet of crowded dockets and the maneuver and technicality of court pleading and practice, which so often make litigation prolonged and expensive."

The New York judgment of $1,373.50 entered on February 8, 1949, is entitled to interest thereon of 6 per cent per annum to date, computed to be $143.76. The issues having been found for the plaintiffs, judgment may enter awarding them damages of the defendant in the total amount of $1517.26, together with all taxable costs.