In the Matter of the Estate of ABRAHAM J. HALPRIN, Deceased.

Surrogate's Court, New York County, April 9, 1951.

*Irving Barry* for Shirley Barish, for motion.

*Louis Okin* for Abraham Glickman and others, as executors of Abraham J. Halprin, deceased, opposed.

*Judd & Gurfein* for Claire H. Turim and another.

*Jay Leo Rothschild* for Julia S. Halprin.

FRANKENTHALER, S. One of the respondents in this discovery proceeding moves to dismiss the petition as to her. The properties which, insofar as the moving respondent is concerned, the executors are seeking to bring into their possesssion and control are described as mortgage certificates. The executors have possession of two trustee's receipts issued in the name of respondent and the executors also have possession of checks, payable to respondent and addressed to her in care of deceased, which presumably represent payments on account of the mortgage obligations. At this point in the proceeding respondent has not answered the petition and consequently she neither admits the executor's claim of title to the certificates nor asserts such title in herself. Respondent contends that the proceeding is not maintainable against her because of the allegation of the petition that the executors have physical possession of the receipts and the checks. The position of respondent is that, since the purpose of discovery is to acquire possession of personal property, the proceeding will not lie to recover property that is now in the possession of the petitioners.

A discovery proceeding has dual aspects. In its initial stage the proceeding takes the form of an inquiry to acquire knowledge as to the existence and location of property of a deceased (*Matter of Schapiro*, 95 N. Y. S. 2d 430; *Matter of Kevill*, 166 Misc. 230). This phase of the proceeding often has been described· as a fishing expedition. The only practical restric-

tion upon this aspect of the proceeding is that it may not be employed merely for the purpose of acquiring evidence to be used against the respondent in another action or proceeding (*Matter of Denham,* 182 N. Y. S. 90, affd. 180 App. Div. 935; *Matter of Brown,* 141 Misc. 805; *Matter of Lowe,* 148 Misc. 107; *Matter of Ehrlich,* 126 Misc. 673). The second aspect of the discovery process (a stage that has not been reached in the instant proceeding) concerns the actual turnover of either property or its value, or, if the answer of a respondent raises an issue of title, consists of a trial and determination of any question existing between the parties as to ownership of the property.

If this proceeding involved a chattel or other personal property, the title to which could be transferred by mere delivery, the argument of the respondent might have some merit, since such property in the possession of executors would be as fully available to them as any other estate asset and the burden of asserting and establishing an adverse interest would be on any person claiming such an interest. Here the executors have naked possession of papers that, in form, indicate that title to the property is not in the estate. The executors do not have possession of tangible property and they do not have possession of instruments establishing by their text that title to the property is in the executors. Neither do the executors have effective control of the property. This proceeding is brought to acquire such possession and control. Respondent in whose name the receipts and the checks were issued has at no time asserted a claim of title and has yet either to make a claim or to disclaim any interest. The present motion can be prompted only by respondent's disinclination to have a determination as to rightful ownership of the property. The executors do not have to accept this stalemate. The only question is one as to the type of remedy available to the executors in order to place them in possession and control of the property. The determination of the question of ownership is within the jurisdiction of this court (*Matter of Maijgren,* 193 Misc. 814; *Matter of Peck,* 135 Misc. 686) and the discovery process is a proper remedy (*Matter of Rosenthal,* N. Y. L. J., Sept. 25, 1940, p. 778, col. 6; *Matter of Rosenthal,* 175 Misc. 771, affd. 262 App. Div. 706). The purpose of a discovery proceeding is to bring the assets of an estate within the dominion of the fiduciary (*Matter of Heinze,* 224 N. Y. 1). Such relief is here sought. The subject matter is of a character that is recoverable in discovery (*Matter of Rubin,* 168 Misc. 81; *Matter of Vicinus,* 159 Misc. 903; *Matter*

*of Fichtner,* 96 N. Y. S. 2d 426). In order that full relief may be granted in this proceeding and that all relevant issues may be disposed of, the trustee of the mortgage should be made a party herein.

Inasmuch as complete relief is available in this proceeding, it cannot be said that the motive of the petitioners in instituting the proceeding was to procure evidence for use in another action.

The motion to dismiss the petition is denied.