[No. 33478.   Department Two.   May 31, 1956.]

LEONIDA ANNEST, *Appellant*, v. VERNA B. ANNEST, *Respondent*.[1]

[1]Reported in 298 P. (2d) 483.

*S. J. O'Brien* and *Royce & Royce*, for appellant.

*John W. Fishburne*, for respondent.

MALLERY, J.—The plaintiff husband brought this action for divorce. The parties were married August 8, 1942, in Louisville, Kentucky. They have four children.

The court awarded a divorce to both parties, made a division of the property, and granted defendant wife custody of the children with an award for child support. Plaintiff does not appeal from his decree of divorce or the property settlement, but from the award of custody and child support only.

The court's finding of fact No. 9 that the respondent wife had committed adultery, constitutes the pivotal fact with which appellant is concerned upon this appeal.

The court found that appellant had threatened respondent and her paramour with criminal prosecution. In cross-examination, the respondent, as well as her paramour and his wife, declined to answer questions relating to adultery, upon the ground that their answers would incriminate them. Appellant moved to strike their entire testimony, and the court's refusal to do so is the chief error asserted.

Rule of Pleading, Practice and Procedure 42, 34A Wn. (2d) 106, which was in effect at the time of the trial and has since been amended, provided:

"A party to an action or proceeding shall not be precluded from examining the adverse party as a witness at the trial. The testimony of a party at the trial may be rebutted by adverse testimony. If a party refuse to attend and testify at the trial, his complaint, answer or reply may be stricken out, and judgment taken against him, and he may also, in the

discretion of the court, be proceeded against as in other cases of contempt; provided that this rule shall not be construed so as to compel any person to answer any question where such answer may tend to incriminate himself."

A witness who declines to answer a proper question upon the ground that it would tend to incriminate him, has not told the *whole truth,* which his oath as a witness requires. He will not be permitted to testify to part of the truth only. When a *party* claims the privilege of not answering a proper question, the court may dismiss his action or strike his testimony. This action was not brought or maintained by respondent, and the most the court could have done, therefore, was to have stricken the testimony.

This appeal concerns only the custody and support of the children. That question is not to be determined upon the basis of the rights of the parties or used as a penalty or reward for their conduct. See *Norman v. Norman,* 27 Wn. (2d) 25, 176 P. (2d) 349; *Sweeny v. Sweeny,* 43 Wn. (2d) 542, 262 P. (2d) 207; *Olson v. Olson,* 46 Wn. (2d) 246, 280 P. (2d) 249. Unwise trial tactics by a party can not be permitted to adversely affect the welfare of children.

We agree that the trial court should have stricken the testimony in question, and we disregard it in reviewing the record, which we find supports the decree.

The appellant contends that the evidence preponderates against respondent if the evidence in question is stricken. We do not agree. That evidence preponderates which the trial court reasonably finds to be most credible. The court relied heavily upon the testimony of Reverend Woodhams, who was disinterested and knew all about the entire situation. The court did not abuse its discretion in doing so, and in finding that the welfare of the children will be served best by being with their mother.

The appellant contends that, with the testimony in question stricken out, there is not enough evidence to prove him guilty of adultery. This may be granted. However, there is no presumption, in the absence of such proof, that he is a fit and proper person to have custody of the children. Striking

the testimony does not automatically entitle him to their custody.

■ The appellant's emphasis upon the inference of respondent's guilt of adultery which flows from her refusal to answer questions relating thereto, adds nothing, in fact, to the court's specific finding that she had committed adultery. However, such a finding is not necessarily fatal to her award of custody. *Norman v. Norman, supra.*

■ The court's failure to strike the testimony of respondent and her two witnesses did not have any effect upon its finding as to her adultery nor upon the kind of decree it decided to enter. The failure to strike was not, therefore, prejudicial error.

The decree is affirmed.

HAMLEY, C. J., SCHWELLENBACH, and OTT, JJ., concur.

WEAVER, J. (dissenting)—I concur in that portion of the majority opinion which strikes certain testimony. However, I believe that this case should be controlled by the *rationale* of *Christian v. Christian,* 45 Wn. (2d) 387, 275 P. (2d) 422 (1954).

Therefore, I dissent.

---

September 12, 1956. Petition for rehearing denied.