Felix C. Benvenga, J.
This is an action to recover the sum of $27,745.56, based upon alleged transfers of moneys in the form of checks issued by a bankrupt to defendant. The complaint pleads, in the alternative, causes of action based upon the theory of (1) moneys loaned, and (2) fraudulent conveyances. The defense is that the checks were given in payment for returned merchandise. This claim is based mainly on defendant’s own testimony on direct examination. On cross-examination, defendant refused to answer relevant questions and to produce relevant books and papers, invoking the privilege against self incrimination. The problem is whether defendant should be directed to answer and produce his relevant books and papers. In determining the issue, it is to be noted that the defendant voluntarily took the stand as a witness in his own behalf, and that the questions asked and the books and papers in question relate to the sole issue of fact involved.
It is not disputed that the privilege against self incrimination may be invoked in any action or proceeding, civil or criminal, and that the privilege protects a party against any form of testimonial compulsion, including the production of books and papers. The specific issue is whether a party to a civil *1025 action who voluntarily takes the stand may, on cross-examination, invoke the privilege against self incrimination, or whether, by voluntarily taking the stand, he waives that privilege.
There can be no doubt that a party who voluntarily takes flie witness stand in his own behalf waives the privilege against compulsory self incrimination (People v. Johnston, 228 N. Y. 332, 340; People v. Connolly, 253 N. Y. 330, 341). The only conflict in the authorities is whether the waiver is limited to matters relevant to the issue or whether it extends also to collateral matters affecting credibility. In the Johnston case (supra), the court, apparently adopting the views of Professor Wigmore (8 Wigmore on Evidence [3d ed.], § 2276), stated that the waiver 11 probably ’ ’ extends only to matters that are relevant to the issue, and not collateral matters affecting merely credibility. I shall assume that to be the rule, especially since the cross-examination related to relevant matters and not to collateral issues.
It is true that the rule has been applied more frequently in criminal cases. Nevertheless, the principles underlying the privilege are equally applicable in civil actions or proceedings (Brown v. United States, 234 F. 2d 140, 145-146; Matter of Grae, 282 N. Y. 428, 433; Siegel v. Crawford, 266 App. Div. 878, affd. 292 N. Y. 651; 8 Wigmore on Evidence, § 2276, pp. 452-453; Richardson on Evidence [8th ed.], § 535; 70 C. J., Witnesses, § 912, p. 757).
The spirit and purpose of the privilege “ cannot be violated by any questioning after the (party) has voluntarily taken the stand ” (8 Wigmore on Evidence, § 2276, p. 441). Its safeguards are ‘1 for the benefit of those who do not wish to become witnesses in their own behalf and not for those who do ” (Raffel v. United States, 271 U. S. 494, 499). Moreover, the waiver is not partial, but complete. “ Having cast aside the cloak of immunity, the party may not resume it at will ” (Brown v. United States, supra, p. 146); for, if the rule were otherwise, “ a preference would be accorded to falsehood rather than to truth” (State v. Wentworth, 65 Me. 234, 243, quoted with approval in volume 8 of Wigmore on Evidence, § 2276, p. 445), and would make a ‘1 mockery ’ ’ of justice (Brown v. United States, supra, p. 146).
In the circumstances, it follows that, if the defendant persists in his refusal to answer relevant questions or produce relevant books and papers, his testimony on direct examination must be stricken (People v. Cole, 43 N. Y. 508, 513; Gallagher v. Gallagher, 92 App. Div. 138,139); “for no testimony under any conditions can be received without liability to a substantially *1026 full cross-examination” (8 Wigmore, on Evidence, § 2276, p. 453).
The motion to strike out defendant’s testimony on direct examination is accordingly granted and judgment is directed for plaintiff in the sum of $27,745.56, unless defendant, within two days after the service of a copy of the order to he entered hereon, signifies in writing his willingness to comply therewith. Settle order.