Jambs S. Brown, J.
Two judgments were obtained against the defendant herein on December 3, 1936, and it would appear that these judgments were assigned to the plaintiff on November 30, 1956, four days before their 20-year life expired; and that the plaintiff promptly commenced this action against the defendant on December 3, 1956 by delivering a copy of the summons and complaint to the Sheriff of the County of New York.
In his answer the defendant alleges as an affirmative defense that the plaintiff has been and still is engaged ‘‘ in the business and practice of furnishing attorneys or counsel to render legal services in the collection of judgments and represented and advertised that he, in conjunction with others, owned, conducted and maintained a law and collection office wherein the legal services necessary to effect collection of judgments were rendered, and he solicited the retainer of himself to render, through himself and such attorney or attorneys as he may furnish, the legal services necessary to effect collection of judgments,” and that the plaintiff ‘ ‘ engaged directly or indirectly in the business of collection and adjustment of claims, including judgments, and solicited claims, demands and causes of action, including judgments, with the intent and for the purpose of bringing actions or proceedings thereon, and bought and took assignments of such claims including judgments and solicited claims and demands, and causes of action, with the said intent and for said purpose,” and that such assignments of these judgments were therefore unlawful and illegal.
The defendant obviously has reference to sections 274 and 275 of the Penal Law which make it a misdemeanor for persons under certain circumstances to “ solicit, buy or take ” a chose in action “ for the purpose of bringing an action thereon.”
*163 By orders of this court obtained by the defendant, the plaintiff was directed to submit to examination before trial upon the affirmative defense. Plaintiff submitted to the examination but refused to answer questions which sought to elicit information pertaining to the circumstances surrounding the assignments and the sufficiency and validity thereof. Such refusal was on the ground that such questions sought to elicit information which would have the tendency and objective to incriminate and degrade him. Thus he claimed privilege under section 6 of article 1 of the New York Constitution, and the Fifth Amendment of the United States Constitution.
The defendant now moves for an order pursuant to sections 299 and 405 of the Civil Practice Act, and also in the exercise of the court’s inherent power, striking the complaint and dismissing the action for the plaintiff’s deliberate and willful refusal to comply with the orders of this court. In support of his motion defendant has advanced forceful arguments that no one may sue and at the same time suppress evidence directly material and relevant to his suit by claiming privilege and that if one so sues he must waive such privilege; that the constitutional privilege against self incrimination should be used only as a shield and not as a sword. On the other hand, plaintiff takes the position that he is constitutionally guaranteed the right to refuse to answer the questions asked, regardless of the surrounding circumstances.
There is no doubt that a witness in any legal proceeding cannot be required to answer questions which will tend to show that he is guilty of a crime. The matters that are privileged include everything which would tend to subject the witness to: (1) a fine or imprisonment; (2) a forfeiture or confiscation of land; or (3) a penalty. (Civ. Prac. Act, § 355; Code Grim. Pro., § 10; New York Const., art. I, § 5; U. S. Const., 5th Arndt.) The privilege applies in civil, as well as criminal cases (Chappell v. Chappell, 116 App. Div. 573; Matter of Siegel v. Crawford, 266 App. Div. 878; Brill v. Dodd, 36 N. Y. S. 2d 975). The constitutional provisions bestowing privilege against self incrimination have consistently been construed by the courts in a broad and liberal spirit (Quinn v. United States, 349 U. S. 155; Ullmann v. United States, 350 U. S. 422) and the raising of such privilege is available to a witness in an examination before trial (Bradley v. O’Hare, 2 A D 2d 436, and cases cited; South-bridge Finishing Co. v. Golding, 208 Misc. 846, affd. 2 A D 2d 882). In Owen v. Fisher (189 Misc. 69) a negligence action, the defendant claimed the privilege when she was examined before trial. In upholding her right to do so the court said (p. 73): “ It *164 is also contended by the plaintiff that if the alleged operator of an automobile is permitted to stand upon the privilege involved here, it would practically nullify the statutes relating to examinations before trial in negligence cases, and in certain cases where there were no other eyewitnesses would perhaps result in an injustice. The court is fully aware of the serious consequences that might be involved, but the court must accept the law as it is and cannot cast aside a well-established privilege granted and guaranteed to a citizen because the exercise of such privilege may result in undesirable consequences.”
The above is another indication of the care with which the courts have guarded this privilege in the past. (People ex rel. Taylor v. Forbes, 143 N. Y. 219; Travelers Ins. Co. v. Mulligan, 231 App. Div. 222; American Blue Stone Co. v. Cohn Cut Stone Co., 97 Misc. 428.) However, an examination of the above and other reported cases on the subject reveals that the privilege was always claimed by a nonparty witness or by a defendant in court involuntarily, seeking only to defend. It does not follow that the protection of the privilege should be expanded to shield a plaintiff who with one hand seeks affirmative relief in court and with the other refuses to answer otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. To uphold this inconsistent position would enable the plaintiff to use the privilege as an instrument of attack.
The research of the court has failed to reveal a reported case in this State wherein the plaintiff claimed the privilege. However, in Franklin v. Franklin (365 Mo. 442), a divorce action, it was held that where a party invoked the jurisdiction of a court for affirmative relief, such relief may be denied if he refuses to testify upon the grounds of self incrimination; and in Annest v. Annest (49 Wn [2d] 62), also a divorce action, it was held that where a party claims the privilege, the court may dismiss his action or strike his testimony.
The matter of relief presents a further problem here. Section 299 of the Civil Practice Act permits the striking out of a pleading where there is “ a wilful failure to appear for the examination or to produce the books and papers required by the order or notice ”. (Italics supplied.) Section 405 of the Civil Practice Act permits the striking out of a pleading where a person ‘ ‘ fails without reasonable excuse to obey an order, duly served upon him * * * requiring him to attend and be examined ’ ’. These sections do not authorize the relief sought herein but rather the relief obtainable when a witness or a party fails to appear or produce requested books and records. They do not *165 relate to the conduct or co-operative spirit of the witness or party during the course of the examination. The authorities cited by the defendant are inapposite in their facts or distinguishable in law, the greater number of them applying to situations where the party failed to appear as provided by section 299 or failed to obey the order of the court as provided under section 405.
In the case at bar, the questions propounded at the examination before trial certainly indicate that the plaintiff might be subjected to a fine and imprisonment under section 275 of the Penal Law. The plaintiff therefore obviously had the right to claim the privilege, but he cannot eat his cake and have it too. The defendant also has certain rights, one of which is to defend this lawsuit and to develop an affirmative defense which may well destroy the plaintiff’s right to maintain his action. Therefore, the court in the exercise of its inherent power grants the motion to strike the complaint and dismiss the action, with costs.
Settle order on notice.