William R. Brennan, Jr., J.
The complaint alleges that the infant plaintiff sustained severe personal injuries when he was assaulted by the individual defendant Middleton who was an agent and employee of the defendant Freeport Housing Authority which owned and maintained the housing project at 36 Albany Avenue, Freeport, where the plaintiffs resided at the time. The basic causes of action sound in assault and in negligence encompassing the assault.
An order having been obtained for the examination before trial of Middleton, he appeared and proceeded to answer questions until that area of examination involving the alleged assault was reached. At that point, he refused to answer, invoking his constitutional privilege against self incrimination. No question is raised or presented as to his right to invoke the privilege and the plaintiffs concede the right which is based upon ample authority (Bradley v. O’Hare, 2 A D 2d 436; Southbridge Finishing Co. v. Golding, 208 Misc. 846, affd. 2 A D 2d 882; United Ind. Syndicate v. Weismann, 2 A D 2d 663; Owen v. Fisher, 189 Misc. 69; Schwarts v. Schwarts, 4 Misc 2d 790; Civ. Prac. Act, § 355).
What the plaintiffs now seek is an order striking out the answer of the defendant for refusal to answer the questions as to which he invoked the privilege, and directing judgment. The theory of the motion is that the defendant may not “ eat his cake and have it too ”; he may not refuse to answer on lawful grounds and yet oppose the claim asserted against him individually.
This contention requires a consideration of the pleadings before the court. The complaint states three causes of action, one in favor of the infant, predicated on assault, another in his favor founded on negligence, and a third, a derivative cause of *142 action in favor of the father of the infant. The individual defendant’s answer consists of a general denial. He pleads no defenses.
Plaintiff relies upon the case of Levine v. Bornstein (13 Misc 2d 161, affd. 7 A D 2d 995, affd. 6 N Y 2d 892), in which the plaintiff sued as assignee of two judgments recovered against the defendant. One defense was that the claims had been solicited and bought for the purpose of bringing actions thereon in violation of sections 274 and 275 of the Penal Law. Defendant obtained an order for examination of the plaintiff before trial as to his defense of illegality. Plaintiff appeared for examination and then refused to answer questions regarding the circumstances attending his acquisition of the judgments on the ground that his answers might tend to incriminate him.
On this state of the record the Special Term struck the complaint, stating that: ‘1 the protection of the privilege should [not] be expanded to shield a plaintiff who with one hand seeks affirmative relief in court and with the other refuses to answer otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. To uphold this inconsistent position would enable the plaintiff to use the privilege as an instrument of attack.” (13 Misc 2d 164.)
The reasoning of that decision, upheld by our appellate courts, points the way to disposition of the present application. One may not invoke the judicial process seeking affirmative relief and at the same time use the privileges granted by that process to avoid development of proof having a bearing upon his rights to such relief. In the instant case, however, the party whose answer is sought to be stricken because he invokes his privilege is a defendant who is in court involuntarily, seeking only to defend, and asserting no affirmative defenses or matters as to which he has any burden of proof.
It may also .be noted that in the Levine case (supra), with the burden of the defense of illegality resting on defendant, the assertion of privilege by the plaintiff, the only party with knowledge of the facts as to his acquisition of the judgments, closed the door to proof by the defendant of his defense. In the case at bar, the defendant’s refusal to answer does not foreclose the plaintiffs from proving their case since the complaint indicates that the facts alleged are of a character that are necessarily within the knowledge of the infant plaintiff. It follows that the strong necessity for examination which existed in Levine is not present in the instant case.
*143 Because there is no showing made warranting striking the answer of the individual defendant herein, this application is denied on the law and in the exercise of discretion. This disposition is without prejudice to the rights, if any, that the plaintiff may have to summary judgment.