Daniel E. Macken, J.
Upon an examination before trial, held pursuant to order of the court, the defendants Ida and Grace M. Tuosto (defendant Daniel has not been served) refused to answer several material questions on the ground of self incrimination and, on the same ground, refused to produce certain personal papers and records called for by the order. Upon the argument, it was conceded by plaintiffs that the complaint contains allegations of conduct by the defendants, proof of which might constitute a crime or crimes, and no claim is made that answers to the questions propounded and the documents sought to be produced might not incriminate or tend to incriminate the defendants. The question presented is whether the answer of a defendant in a civil action may be stricken for his refusal to answer material questions and produce personal records on the justified ground of self incrimination. The relief is sought by the application of section 299 of the Civil Practice Act or by the exercise of the court’s inherent power.
Plaintiffs urge that, while by appearing for the examination the defendants complied with a portion of section 299 of the Civil Practice Act, their failure to produce their records requires application of the section. The section requires that the failure to produce be “ wilful ”. Webster defines “ wilful ” as “ governed by will without regard to reason or without yielding to reason” which, put another way, would seem to say that to be “wilful” an act must be unreasonable. It has been held that to be “wilful” within the meaning of the section, the failure to comply must be contumacious. (Vastola v. Canariato, 8 A D 2d 961; Du Bois v. Iovinella, 15 A D 2d 616.) I do not *824 believe that the lawful assertion of a constitutional privilege may be so characterized and conclude that section 299 of the Civil Practice Act is not here applicable.
In the exercise of its inherent power, the court may dismiss the complaint of a plaintiff who, at an examination before trial and on the ground of self incrimination, refuses to answer questions calculated to establish a defense. (Levine v. Bornstein, 13 Misc 2d 161, affd. 7 A D 2d 995, affd. 6 N Y 2d 892.) Prior to Levine, no reported case was found in this State in which the question arose by refusal of a plaintiff to testify on constitutional grounds although it was consistently held that a defendant’s answer might not be stricken for such refusal to answer. (Southbridge Finishing Co. v. Golding, 208 Misc. 846, affd. 2 A D 2d 882; Bradley v. O’Hare, 2 A D 2d 436.) Since Levine, a like conclusion has been reached in McKelvey v. Freeport Housing Auth. (29 Misc 2d 140). In Levine the Justice at Special Term distinguished between refusal to answer by a plaintiff, who voluntarily sought relief from the court, and by a defendant who was there involuntarily. I may say that I am not completely convinced of the validity of this distinction. Compelling one to forego a cause of action does not, to me, differ essentially from compelling one to relinquish a defense. In either event, one may be effectively deprived of his property. The right of a defendant to resist an unfounded claim is no greater than that of a plaintiff to prosecute a meritorious one. No lesser wrong results from preventing a plaintiff from recovering that which in law is his than permitting a defendant to retain that which rightfully belongs to plaintiff. The mandatory election by a plaintiff to forego a claim or waive his immunity from self incrimination creates a compulsion no less than that which may be imposed upon a defendant by requiring him to choose between his privilege and his defense. In either case, the exercise of the election may be termed “voluntary” or “involuntary” depending upon one’s concept of the words.
The affirmances of Levine by the Appellate Division and the Court of Appeals were without opinion and, particularly in view of the consistent refusal of the courts to grant relief such as that here sought by plaintiffs, I must assume that, by their affirmance, the Appellate Division and the Court of Appeals adopted the reasoning of the Special Term and that the application of Levine is confined to the facts therein presented.
Plaintiffs seek to distinguish the McKelvey and Bradley cases (supra) in that those decisions pointed out that the plaintiffs might establish their causes of action without the defendants’ testimony while plaintiffs here claim that they will be unable to *825 prove their case without the evidence sought from defendants, and I am assuming, without necessarily finding, that such is the case. I do not believe, however, that whether or not the plaintiffs may be able otherwise to establish a prima facie case should be determinative of this motion. Plaintiffs, to eventually succeed, must not only establish a prima facie ease, but must buttress it with evidence of sufficient weight to convince the trier of the facts that they are entitled to the relief sought. Whether the information sought by the unanswered questions or unproduced documents is necessary to attain that end, can be known only to the eventual trier of the complete facts.
While civil sanctions may be imposed upon one asserting his right to freedom from self incrimination (Matter of Lerner v. Casey, 2 N Y 2d 355, affd. 357 U. S. 468; Matter of Cohen, 7 N Y 2d 488; Levine v. Bornstein, supra) and there thus appears no constitutional barrier to granting the relief here sought by plaintiffs, the existing authorities seem to require its denial. The commission of nearly every crime carries with it a civil liability and a contrary holding would subject any person charged or chargeable with the commission of a crime, to submit to judgment in a civil action arising from the alleged crime unless, at the instance of the plaintiff, he confesses his crime or, though innocent, declines to give evidence which might tend to incriminate him. Whether such a consequence is necessarily unjust is not entirely clear to me.
The motion is denied, without costs. Submit order.