Samuel J. Silverman, J.
This is a motion to dismiss the complaint. In this libel action, plaintiff Castellana, individually and as an officer of the corporate plaintiff, has refused to answer a substantial number of questions at the examination before trial, claiming his privilege against self incrimination. Defendants concede that the answers of the plaintiff to the questions propounded would incriminate him, but contend that pursuant to the case of Levine v. Bornstein (13 Misc 2d 161 [1958], affd. 7 A D 2d 995 [2d Dept., 1959], affd. 6 N Y 2d 892 [1959]), the complaint should be dismissed. The facts of this case, however, differ from the Levine case in one important respect. In this action the plaintiff has been indicted and will presumably be tried in the Federal court in the next few months for the matters concerning which the defendants seek to examine him; in the Levine case there was no prosecution pending or imminent.
To require plaintiff to testify without claiming the privilege asserted at this time could substantially prejudice him, while the defendants have not shown that they would in any way be prejudiced by a temporary stay of this proceeding. There is some question whether defendants are not seeking to use plaintiff’s privilege as a “ sword rather than a shield ”. Defendants’ counsel commenced the examination by reminding plaintiff of his privilege against self incrimination; and when plaintiff claimed that privilege, defendants made this motion.
The motion is denied on condition that plaintiff appear and submit to examination before trial, at which he shall testify *212 without claiming the privilege asserted, immediately following the completion of the trial or other disposition of the criminal proceeding in the Federal court or within six months after service of a copy of the order to be entered hereon with notice of entry thereof, whichever is sooner. Any proceedings on the part of plaintiffs shall be stayed until plaintiff is examined. In the meantime defendants may pursue any disclosure remedies they deem appropriate — subject to the privilege against self incrimination — without waiver of the stay.