Louis B. Heller, J.
In this action for an accounting and fraud, plaintiff moves to strike the answer of defendant because of his failure to respond to certain questions and because of his failure to execute the transcription of his examination before trial. Plaintiff also seeks the appointment of a Special Master to supervise the disclosure proceedings at the expense of the defendant.
The defendant refused to answer the questions on the ground of self incrimination. Examination of the complaint reveals that it contains allegations of conduct by the defendant, proof of which might constitute a crime. There is no claim by plaintiff that the answers to the questions propounded might not incriminate or tend to incriminate the defendant. It appearing that the claim of self incrimination is justified, defendant’s answer may not be stricken. (McKelvey v. Freeport Housing Auth., 29 Misc 2d 140; Barbato v. Tuosto, 38 Misc 2d 823; see, also, Levine v. Bornstein, 13 Misc 2d 161, affd. 7 A D 2d 995, affd. 6 N Y 2d 892.)
The failure of the defendant to sign his deposition does not require under CPLR 3116 the striking of his pleadings. In any event it appears from the deposition that the case was adjourned sine die and accordingly the deposition need not be signed until the examination is closed.
Since there is no evident complex issue involved, the appointment of a Special Master or Referee does not appear necessary. Motion is accordingly denied.