129 N.J. Super. 142 (1974)
322 A.2d 486
RITANN A. LEVIN, PLAINTIFF-RESPONDENT,
v.
MILTON LEVIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1974.
Decided June 20, 1974.
*143 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Ronald A. Breslow argued the cause for appellant (Messrs. Marcus, Rosen, Breslow & Levy, attorneys).
Mr. David L. Horuvitz argued the cause for respondent (Messrs. Horuvitz & Perlow, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
Plaintiff sues for divorce on, among other grounds, defendant's adultery. She served interrogatories *144 designed to elicit facts in support of that charge, specifically seeking details concerning defendant's travel and cohabitation with the asserted paramour. Defendant refused to answer, claiming his privilege against self-incrimination. The trial court ordered that responsive answers be given, and we granted defendant leave to appeal from that order.
There can be no doubt that responsive answers to plaintiff's interrogatories might well constitute evidence supporting defendant's conviction on a charge of fornication. N.J.S.A. 2A:110-1; State v. Clark, 58 N.J. 72 (1971); State v. Lutz, 57 N.J. 314 (1971). Thus, defendant legitimately claimed the privilege in refusing to answer the interrogatories and it was error to require him to answer. Evid. R. 25; N.J.S.A. 2A:84A-19; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).
Defendant, however, remains subject to the same sanctions as any other litigant who refuses to make discovery, R. 4:23, short of being held in contempt for refusal to answer. It apears to be the general, although not the universal, rule that failure to make legitimate discovery in a civil case on the ground of self-incrimination permits imposition of the usual sanctions. Mahne v. Mahne, 124 N.J. Super. 23 (Ch. Div. 1973), Certif. granted 64 N.J. 326 (1973); Duratron Corp. v. Republic Stuyvesant Corp., 95 N.J. Super. 527 (App. Div. 1967), certif. den. 50 N.J. 404 (1967); Annotation, "Dismissing action or striking testimony where party to civil action asserts privilege against self-incrimination as to pertinent question," 4 A.L.R. 3d 545 (1965).
As has been mentioned elsewhere, State v. Clark, supra, prosecutions for fornication are rare. Defendant may wish to revise his position now that the imposition of sanctions because of failure to answer is a certainty. Therefore, defendant will have 20 days from the date hereof to submit responsive answers to plaintiff's interrogatories. Failure to do so shall result in sanctions, the nature of which we leave to the trial court, but direct that at least the defense to *145 plaintiff's charge of adultery shall be suppressed. We add that in civil actions an adverse inference may be drawn from the claim of the privilege. Duratron Corp. v. Republic Stuyvesant Corp., supra. We do not intend to limit the trial court's power to permit, after default, some limited participation by defendant in the contest on the adultery issue should an apt exercise of discretion dictate that course. See Perry v. Crunden, 79 N.J. Super. 285 (Cty. Ct. 1963), and Fox v. Fox, 76 N.J. Super. 600 (Ch. Div. 1962).
Reversed.