■ HERBERT LAGIN et al., Respondents, v EDWARD LAGIN et al, Appellants.—Order, Supreme Court, Bronx County, entered December 7, 1976, granting plaintiffs' motion to strike the third affirmative defense and the first and second counterclaims contained in the defendants' answer unless defendant Edward Lagin appears for further examination, modified, on the law, to the extent of denying the plaintiffs' motion insofar as it seeks to

strike the third affirmative defense, and, as so modified, affirmed, without costs and disbursements. The answer interposed by all the defendants sets forth as a third affirmative defense that the "understanding" alleged in the complaint is illegal and its implementation would violate Federal, State and foreign laws. In addition, the answer contains two counterclaims asserted on behalf of defendant Edward Lagin only. The basis for plaintiffs' motion to strike the counterclaims and the third affirmative defense was the invocation by Edward Lagin of his privilege against self incrimination at his examination before trial. "Since the sole purpose of the privilege is to shield a witness against the incriminating effects of his testimony, the courts will not permit its use as a weapon to unfairly prejudice an adversary" *(Steinbrecher v Wapnick,* 24 NY2d 354, 362). Where the privilege is used by a party as an "instrument of attack" *(Levine v Bornstein,* 13 Misc 2d 161, 164, affd 7 AD2d 995, affd 6 NY2d 892) or "as a device to foreclose examination into facts which [such party] had put in issue" *(Steinbrecher v Wapnick, supra,* p 384), whether by way of complaint or counterclaim, the pleading of that party is subject to being stricken. The conditional striking of the counterclaims asserted on behalf of Edward Lagin was, therefore, proper. However, there is a distinction between a complaint or counterclaim and a defense. The practice of striking out the complaint or counterclaim where the party asserting same refuses to answer questions upon an examination before trial on grounds of the constitutional privilege, "is reasonable since it is plaintiff [or counterclaiming defendant] who has asked for a change in the status quo and he has an obligation to reveal the information needed for decision" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.15). The third affirmative defense of "illegality" is asserted *defensively* only. In this instance, the defendants are not seeking the aid of the court to change the *status quo,* but are merely opposing the relief sought by the plaintiffs. In such situation, though defendants may have the burden of proof on that issue, they are like any other defendant involuntarily brought into court, and the general rule that a defendant's pleading may not be stricken on the basis of his assertion of the privilege, should be applicable (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.15). Concur—Lupiano, Silverman and Capozzole, JJ.; Murphy, P.–J., dissents and would affirm for the reasons stated by Di Fede, J., at Special Term.