OPINION OF THE COURT
Frederic E. Hammer, J.
This is a motion by defendants Trachtman and Aragorn Specialties Corp. (hereinafter Aragorn) to strike the complaint on the ground that plaintiff willfully failed to disclose information which was material and necessary to the defense of *473 this action, or, in the alternative, directing that the issues to which the undisclosed information is relevant shall be deemed resolved for the purposes of the action in accordance with the claims of the defendants. (CPLR 3126, subds 1, 3.)
This action arises from plaintiffs operation of a retail specialty shop in one of defendant Korvettes’ local stores, pursuant to a written agreement between plaintiff and defendant Aragorn under a licensing agreement defendant Aragorn had with defendant Korvettes. Pursuant to the agreement, plaintiff was to deposit all gross receipts into certain cash registers in the store. Defendants were to receive 10% of the gross receipts. On December 14, 1978, plaintiff was observed by defendants’ security personnel taking the sum of $32.26 from a register, placing same in his pocket and leaving the store. Plaintiff was further observed withholding sales receipts from certain customers and subsequently voiding the sales made.
On December 15, 1978 plaintiff was confronted with this information and he admitted the theft. Plaintiff further signed a written confession admitting other thefts between April, 1978 and December, 1978 in the approximate amount of $5,000. Thereafter, his employment contract was terminated.
Plaintiff brings this action to recover the value of his inventory and fixtures, his security and the gross receipts of November and December, 1978.
Defendants’ answer sets forth a separate and complete affirmative defense in the nature of a counterclaim. This counterclaim alleges that plaintiff breached his agreement by failing to deposit all of the gross receipts from the operation of his shop, and that as a result the defendants’ losses therefrom far exceeded the plaintiffs alleged damages.
Plaintiff submitted to an examination before trial on October 9, 1979. During the examination, plaintiff was questioned with respect to his failure to deposit all the gross receipts pursuant to the contract. Plaintiff, on advice of his attorney, refused to answer any questions regarding his failure to deposit the gross receipts and any and all questions with respect to his alleged theft of moneys. Plaintiff’s ground for refusal was the Fifth Amendment of the United States Constitution, that "the answer might tend to incriminate him”.
The question before this court is whether plaintiff has a right to refuse to answer the questions posed on the grounds of the Fifth Amendment.
*474 CPLR 3126 reads as follows: "If any party, or a person who at the time a deposition is taken * * * refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed * * * the court may make such orders with regard to the failure or refusal as are just”.
Where failure to disclose is based upon the Fifth Amendment constitutional privilege against self incrimination, the question of whether sanctions shall be imposed depends upon which party seeks to invoke the privilege. The sanctions of CPLR 3126 may not be invoked where the defendant uses his constitutional privilege against self incrimination as a shield. On the other hand, where the plaintiff uses it as a sword by refusing to disclose information which may be relevant, the civil sanctions of CPLR 3126 may be invoked.
The leading case which supports this rule is Levine v Bornstein (13 Misc 2d 161, affd 7 AD2d 995, affd 6 NY2d 892), in which plaintiff brought an action on a judgment. During his examination before trial, plaintiff refused to answer certain questions on the ground that his answers would incriminate him. As a result, the court dismissed the action. The Levine court went to great length discussing how carefully the court guards the constitutional privilege against self incrimination. However, the court went on to say: "It does not follow that the protection of the privilege should be expanded to shield a plaintiff who with one hand seeks affirmative relief in court and with the other refuses to answer otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. To uphold this inconsistent position would enable the plaintiff to use the privilege as an instrument of attack.” (Levine v Bornstein, 13 Misc 2d 161, 164, supra; emphasis added.)
The standard set forth in Levine requires only that the questions posed "may” have a bearing on the plaintiff’s right to maintain an action. The questions posed by defendant herein, which plaintiff refuses to answer, may have a bearing on the outcome of this action.
It is further noted by this court that plaintiff has, in effect, waived his constitutional privilege to remain silent. Such waivers have been upheld by the United States Supreme Court. In McCarthy v Arndstein (262 US 355, 359) the court made it very clear that "a witness who has voluntarily admit *475 ted his guilt of a criminal offense is not protected from further disclosures on the same subject”.
This principle was further reaffirmed in Brown v United States (356 US 148, 154) where the court stated: as a general rule a witness retains his right to invoke the privilege unless his previous testimony contains "an admission of guilt or furnish[es] clear proof of crime”.
As recently as 1969, the New York Court of Appeals in Steinbrecher v Wapnick (24 NY2d 354, 361-362), in discussing the privilege against self incrimination, stated: "[E]yen where the witness has already given testimony as to a particular transaction, he is still entitled to refuse to answer questions unless it is 'perfectly clear and plain * * * that the answer cannot possibly injure him, or tend in any degree to subject him to the peril of prosecution.’ (People ex rel. Taylor v. Forbes, 143 N. Y. 219, 231, supra.) This rule applies unless the defendant has actually waived — that is, consciously relinquished — the right to remain silent either by an express agreement or by voluntarily making a statement that is actually incriminatory and evidences a willingness to forego his constitutional privilege.”
The fact that plaintiff herein gave defendants a signed confession admitting his guilt is undisputed. This constituted a waiver of any privilege against self incrimination.
Plaintiff’s reliance upon the case of David Webb Inc. v Rosenstiel (66 Misc 2d 29) is not applicable. In that case it was the defendant who invoked the privilege and there was no waiver.
Accordingly, defendants’ motion to strike the complaint is granted unless plaintiff submits to a further examination before trial and answers all questions relating to his failure to deposit the gross receipts and all questions relating to his theft of moneys. Said examination shall take place at Special Term, Part 2, of this court, within 30 days of the date of entry of the order to be settled hereon.