[No. A014907. First Dist., Div. Three. July 25, 1984.]

MANUEL ALVAREZ et al., Plaintiffs and Respondents, v.
ROGELIO S. SANCHEZ et al., Defendants and Appellants.

## Counsel

Franklin J. Flocks for Defendants and Appellants.

W. Robert Morgan and Morgan, Morgan, Towery, Morgan & Spector for Plaintiffs and Respondents.

## Opinion

**ANDERSON, J.**—Defendants Rogelio S. Sanchez, Dolores G. Sanchez, Regina S. Hughes and James R. Hughes appeal from a default judgment

awarding punitive damages to plaintiffs (respondents) and imposing a constructive trust upon their properties.

On January 20, 1978, respondent limited partners filed a verified complaint for dissolution of partnership, accounting, appointment of receiver, fraud and imposition of a constructive trust. On October 19, 1979, appellants and defendant S & H Land Development Associates, a general partnership, filed a verified answer to the complaint. On December 13, 1979, a receiver was appointed to take charge of the assets of the limited partnership. On September 2, 1980, a criminal complaint was filed in the Santa Clara Municipal Court charging appellants with various violations of the securities laws (Corp. Code, §§ 25110-25540, 25401) and grand theft (Pen. Code, §§ 484-487). (The criminal allegations involve the same property and transactions which form the basis of this civil suit.)

During a recess in the preliminary hearing of the criminal proceedings, this case came to trial. Appellants' request for a continuance until the preliminary hearing was completed was denied. Trial commenced, plaintiffs immediately called appellants as adverse witnesses pursuant to Evidence Code section 776, whereupon appellants invoked their Fifth Amendment privilege and refused to answer questions.[1] Counsel for respondents then argued that appellants already had waived their privilege against self-incrimination by filing a verified answer, and they moved to strike the portion of the answer that constituted denials. The trial court granted their motion and directed that the case proceed "as a default matter."

Following the court's ruling, respondents called numerous witnesses who testified in essence that they had given appellants money with the understanding that it would be invested in a real estate limited partnership; that appellants represented that one share of $12,500 would produce about 800 percent profit within one to one and one-half years; that as yet none of the investment had been returned; and that respondents had been defrauded by appellants in a variety of ways. Appellants' request to cross-examine was denied: "You don't answer questions. So you don't ask any questions." While respondents' request to admit in evidence the deposition of appellant Sanchez was granted over objection, appellants' offer of proof that 10 to 15 defense witnesses would contradict respondents' claim and establish the affirmative defenses set out in the answer was rejected. The trial court rendered judgment against appellants Rogelio Sanchez and Regina Hughes in the sum of $900,000, which represented the amount demanded by respondents as punitive damages. Simultaneously, the trial court imposed a constructive trust upon all the property of appellants Dolores Sanchez and

---

[1]Note that James Hughes did not appear at trial and therefore was not called as a witness.

James Hughes that had been acquired or purchased by funds received from respondents.

■ Appellants' principal contention[2] on appeal is that the trial court committed prejudicial error by striking a portion of the answer and allowing the case to proceed as a default matter because the appellants invoked their Fifth Amendment rights at trial. We agree with appellants that such ruling denied them their day in court and requires reversal.

■ It is well settled that the privilege against self-incrimination may be invoked not only by a criminal defendant, but also by parties or witnesses in a civil action. (*Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 886 [126 Cal.Rptr. 793, 544 P.2d 929].) However, while the privilege of a criminal defendant is absolute, in a civil case a witness or party may be required either to waive the privilege or accept the civil consequences of silence if he or she does exercise it. (*Brown* v. *United States* (1958) 356 U.S. 148, 155-156 [2 L.Ed.2d 589, 597, 78 S.Ct. 622, 72 A.L.R.2d 818]; *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 116 [130 Cal.Rptr. 257, 550 P.2d 161]; *Meyer* v. *Second Judicial Dist. Court, etc.* (1979) 95 Nev. 176 [591 P.2d 259, 262].)

There is a wide range of civil sanctions that may be imposed upon a civil litigant who invokes his or her Fifth Amendment right. The striking of the pleading and allowing the case to proceed by default against the party asserting the privilege is extremely harsh, the application of which requires careful examination of important policy considerations. While this precise issue has not been reported previously in any California case, sister state authorities addressing the issue teach us that the civil consequences of the invocation of Fifth Amendment rights (including the striking of the pleading and the ensuing dismissal and/or default) may well depend on whether the party asserting the privilege is the plaintiff or the defendant. For, the plaintiff has initiated the action and bears the burden of proving his claim, while the defendant is merely an involuntary participant. Where the plaintiff in a civil action refuses to testify by invoking the privilege against self-incrimination, the action may be dismissed by the court because "One may not invoke the judicial process seeking affirmative relief and at the same time use the privileges granted by that process to avoid development of proof having a bearing upon his rights to such relief." (*McKelvey* v. *Freeport Housing Authority* (1961) 29 Misc.2d 140 [220 N.Y.S.2d 628, 630].) However, as far as the defendant is concerned, the rule is different because defendants are forced to partake of the action if they would defend their

---

[2]Appellants also contend that the award of punitive damages and the imposition of a constructive trust were improper.

interests. Although lesser civil sanctions may be imposed upon a defendant who asserts the Fifth Amendment privilege,[3] the overwhelming majority of cases hold that the striking of the defendant's answer and the resultant default procedure are too harsh a sanction for exercising such an important constitutional right. (*Steinbrecher* v. *Wapnick* (1969) 24 N.Y.2d 354 [300 N.Y.S.2d 555, 248 N.E.2d 419]; see also *Abramowitz* v. *Voletsky* (1965) 47 Misc.2d 626 [262 N.Y.S.2d 991, 992]; *Barbato* v. *Tuosto* (1963) 38 Misc.2d 823 [238 N.Y.S.2d 1000, 1002]; *Levine* v. *Bornstein* (1958) 13 Misc.2d 161 [174 N.Y.S.2d 574, 576-577]; *Grognet* v. *Fox Valley Trucking Service* (1969) 45 Wis.2d 235 [172 N.W.2d 812].)

Those cases most closely consistent with the facts at bar are *Mahne* v. *Mahne* (1974) 66 N.J. 53 [328 A.2d 225] and *Steinbrecher* v. *Wapnick, supra,* 300 N.Y.S.2d 555. In *Mahne* plaintiff-husband brought a divorce action alleging adultery. In her answer, wife denied the charge and counterclaimed for divorce alleging extreme cruelty. Husband propounded interrogatories inquiring whether wife had sexual relationship with another man. Wife refused to answer citing the privilege against self-incrimination. Thereupon, the trial court struck wife's answer and counterclaim and allowed a default judgment to be entered against her. In reversing the trial court, the New Jersey Supreme Court held that while the imposition of lesser sanctions upon defendant-wife would have been proper, the striking of her answer and the ensuing default judgment constituted an unduly harsh remedy which alleviated the complaining husband's burden of proving his claim while completely preventing wife from presenting her defense. The high court warned that "Proper balances are the goal and trial courts must seek those sanctions which are best designed to protect the pertinent public and private interests without impairing the historic designs of the privilege. The striking of the answers of the defendants, thereby placing them in the position of defaulting and nonresisting parties, appears to us to have imposed an undue cost on the exercise of the privilege and to have been unwarranted . . . ." (*Mahne* v. *Mahne, supra,* 328 A.2d at p. 229.)

In *Steinbrecher,* the lower court struck the answer and entered a default judgment against a defendant who at a pretrial hearing refused to testify relying on the privilege against self-incrimination. In reversing the trial court's ruling, the reviewing court emphasized that where the civil plaintiff,

---

[3]The permitted lesser sanctions include, for example, exclusion of related defenses (*Rubenstine* v. *Kleven* (D. Mass. 1957) 150 F.Supp. 47); disallowing production of documents (*A & M Records, Inc.* v. *Heilman* (1977) 75 Cal.App.3d 554 [142 Cal.Rptr. 390]); exclusion of defendant's previous testimony (*Costanza* v. *Costanza* (1974) 66 N.J. 63 [328 A.2d 230]); suppression of related defenses (*Levin* v. *Levin* (1974) 129 N.J. Super. 142 [322 A.2d 486]); striking of defendant's previous testimony (*Berner* v. *Schlesinger* (1957) 11 Misc.2d 1024 [178 N.Y.S.2d 135]; *Annest* v. *Annest* (1956) 49 Wn.2d 62 [298 P.2d 483]), etc.

who is in court voluntarily, invoked the privilege he unfairly deprives the defendant of information necessary to a defense, and as a consequence, he may be subjected to a sanction as severe as dismissal. However, the civil defendant is in court involuntarily, and when called for examination he or she has no choice but to appear and face questions chosen by the opponent solely for the latter's benefit. In such an instance the striking of the answer is unduly harsh and results in an improper balance because, on the one hand, it relieves plaintiffs of their obligation to prove their case, and on the other hand, it imposes a civil forfeiture upon the defendants for a good faith exercise of their constitutional right. (*Steinbrecher* v. *Wapnick, supra,* 300 N.Y.S.2d at pp. 563-564, 566.)

Although the foregoing principles were pronounced for civil defendants who invoked their constitutional rights at *pretrial* proceedings, they are equally valid for appellants here who exercised their Fifth Amendment privilege *at trial.* Appellants herein were cooperative in all pretrial discovery proceedings; Mr. Sanchez answered all questions asked of him at his deposition; appellants invoked their privilege against self-incrimination only after they had been formally charged with criminal offenses allegedly arising from the very transactions which were the subject of this civil litigation; even then appellants only requested a continuance to answer respondents' questions following completion of the preliminary hearing. Moreover, the underlying policy reasons for disapproving the striking of an answer and reversing the ensuing default (i.e., unjustifiedly relieving the plaintiff from meeting his or her burden of proof while preventing the defendant from presenting a defense) are equally present—whether or not the privilege against self-incrimination was asserted prior to or at trial.

The record herein clearly shows that although they invoked their constitutional privilege, appellants were prepared to introduce evidence to rebut respondents' claim. They made an offer of proof at trial to present 10 to 15 additional witnesses in order to contradict respondents' charges of wrongdoing and to establish their own affirmative defenses. Furthermore, there was voluminous documentary evidence on file showing that numerous limited partners (who did not participate in the litigation) were, in fact, satisfied with appellants' performance. Appellants' defense might well have prevailed even without their testimonial evidence. But whether appellants would have prevailed absent the trial court's error is not determinative; the error here is that they were denied the opportunity of trying. The striking of the answer and resultant proceeding by default gave respondents a totally unjustified advantage in proving their claim, for it prevented their proof from being tested by cross-examination, and by contrary evidence, both testimonial and documentary. Such conduct by the trial court effectively

denied appellants their fundamental right to a trial simply because they invoked their constitutional right. Such ruling was unnecessary.

Respondents' insistence that the order of the trial court was justified since appellants waived their privilege against self-incrimination when they filed a verified answer and gave testimony prior to trial[4] is without merit. ■ It is well settled that a witness does not waive his or her constitutional privilege against self-incrimination by furnishing testimony prior to trial. On the contrary, it is elementary that a witness is free to assert the privilege at trial even though he or she had given testimony during pretrial proceedings. (*Overend* v. *Superior Court* (1900) 131 Cal. 280, 284 [63 P. 372]; *People* v. *Lopez* (1980) 110 Cal.App.3d 1010, 1020 [168 Cal.Rptr. 378]; *People* v. *Maxwell* (1979) 94 Cal.App.3d 562, 570 [156 Cal.Rptr. 630]; *In re Berman* (1930) 105 Cal.App. 37, 40-41 [287 P. 125]; *Steinbrecher* v. *Wapnick, supra,* 300 N.Y.S.2d at pp. 561-562.)

In light of our conclusion that the case must be reversed we have not addressed appellants' contentions that the award of punitive damages and imposition of a constructive trust were improper. However, for the benefit of the trial court should the case be retried we note our serious reservation concerning the validity of the award of punitive damages because (1) they were arrived at by applying the "benefit-of-the-bargain" rule rather than the "out-of-pocket loss" standard (cf. *Bagdasarian* v. *Gragnon* (1948) 31 Cal.2d 744, 762-763 [192 P.2d 935]); (2) they bore no reasonable relation to actual damages, if any (*Ferraro* v. *Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 351 [87 Cal.Rptr. 226]); and (3) they were imposed in the absence of evidence showing the defendants' wealth (*Merlo* v. *Standard Life & Acc. Ins. Co.* (1976) 59 Cal.App.3d 5, 18 [130 Cal.Rptr. 416].)

The judgment is reversed.

Scott, Acting P. J., and Barry-Deal, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 19, 1984. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

---

[4]Note that only Rogelio Sanchez actually signed the verified answer and only he was actually deposed.