840 P.2d 305

Matthew A. MONTOYA, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; the Honorable Sherry H. Hutt, a judge thereof, Respondent Judge.

Christina G. GARDNER, Real Party in Interest.

No. 1 CA–SA 92–0144.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 29, 1992.

Robert A. Hirschfeld, Phoenix, for petitioner.

Hintze, Havens, & Eaton, P.C. by Michael D. Hintze, Phoenix, for minor child.

Robert D. Rosanelli, Phoenix, for real party in interest.

## OPINION

TOCI, Judge.

This special action arose when, in a custody dispute with the natural mother, the natural father invoked the privilege against self-incrimination. Petitioner ("father") now seeks to enjoin the enforcement of the trial court's order striking his pleadings, entering a default judgment against him, and awarding custody of the child to the mother without a hearing on the merits. This court granted an interlocutory stay of the trial court's order. We found the trial court improperly penalized the father for exercising his Fifth Amendment rights.

We accepted jurisdiction and entered an immediate order granting the relief requested with this opinion to follow. Ariz. Rev.Stat.Ann. ("A.R.S.") § 12–120.21(A)(3).

The sole issue is whether the trial court abused its discretion when the father exercised his constitutional right to refuse to answer potentially incriminating questions. We hold that the sanctions imposed by the trial judge were improper because they unnecessarily infringe on the exercise of the privilege against self-incrimination. Further, we find the entry of a default judgment against the father violated the requirement that the court base a custody decision on "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25–332(K). We direct the trial court to vacate its minute entry order of June 5, 1992, and to hold a child custody hearing on the merits in accordance with this opinion.

## FACTS

The father and mother are the unwed natural parents of a minor child. Following a dependency hearing instituted by the child's maternal grandparents, the juvenile court awarded temporary sole custody to the father and allowed the mother only supervised visitation. Later, during the course of a court-ordered child custody study, the father asserted his Fifth Amendment rights and refused to answer questions relating to his past drug use. He also invoked the privilege against self-incrimination and refused to answer 190 out of 200 requests for admissions relating to his past drug use. The trial court denied the father's motion for a protective order and ordered him to respond to the drug-related questions.

The father filed his first special action with this court seeking relief from the order that he answer the questions. This court accepted jurisdiction, upheld the father's right to refuse to answer these potentially self-incriminating questions, and granted the following relief:

The trial court is directed to vacate those portions of its minute entry order of January 22, 1992, compelling Petitioner to answer potentially self-incriminatory requests for admissions submitted by the real party in interest and potentially self-incriminating questions posed by Dr. Yee. Any further orders relating to such discovery shall recognize and protect Petitioner's constitutional right to decline to answer.

We suggested that the trial court address the issue of what consequences follow from the father's failure to respond to these discovery questions.

The trial judge signed an order reaffirming both the father's custody and the mother's supervised visitation. Later, the trial judge issued the order at issue here. The order struck the father's pleadings, entered default judgment against him, and awarded custody to the mother pending the default custody hearing. The trial court relied upon *Christenson v. Christenson*, 281 Minn. 507, 162 N.W.2d 194, 202 (1968) (court required plaintiff who invoked the Fifth Amendment in a divorce action to waive the privilege or have his case dismissed), and *Minor v. Minor*, 232 So.2d 746 (Fla.App.1970) (court dismissed plaintiff's action when she invoked the Fifth Amendment in a divorce action). This special action followed.

## I. RULE 37(b) SANCTIONS AND THE FIFTH AMENDMENT

 The mother argues the trial court correctly sanctioned the father because, rather than complying with the discovery order, he invoked his Fifth Amendment privilege against self-incrimination. *See* Ariz.R.Civ.P. 37(b). We disagree. In the first special action, this court upheld the father's right to refuse to answer the potentially self-incriminating questions. A party does not violate a discovery order when he has the constitutional right to invoke the Fifth Amendment. *Buzard v. Griffin*, 89 Ariz. 42, 50, 358 P.2d 155, 160 (1960). In addition, the trial judge may not compel a party "to give testimony that shows or might tend to show that the person committed a crime." *State v. Ott*, 167 Ariz. 420, 425, 808 P.2d 305, 310 (App.

1990). We hold that the father is not subject to Rule 37(b) sanctions for invoking the Fifth Amendment in response to the discovery order.

## II. CONSEQUENCES TO INVOKING THE FIFTH AMENDMENT

■ We hold that striking the invoking party's pleadings and entering default judgment in a custody case is improper because it is unnecessary and is too harsh a penalty to exact for the exercise of the privilege against self-incrimination. Although there are no Arizona cases on point, the decision of the New Jersey court in *Mahne v. Mahne*, 66 N.J. 53, 328 A.2d 225 (1974), is helpful. There, in a contested divorce case, a wife refused to answer questions regarding her alleged adultery. The trial court struck both the wife's answer and counterclaim and entered a default judgment against her. The New Jersey Supreme Court reversed, holding the trial court's actions "imposed an undue cost on the exercise of the privilege...." *Id.* at 61, 328 A.2d at 229.

Here, the trial court improperly penalized the father when the father invoked the Fifth Amendment rather than answer questions about his past drug use. Although whether the father used drugs may be relevant in determining his parental fitness, the court's ruling dispensed with a hearing on the merits and deprived it of evidence relating to the many other factors necessary to make a specific finding as to the best interests of the child. A.R.S. § 25–332. This "imposed an undue cost on the exercise of the privilege." *Mahne*, 66 N.J. at 61, 328 A.2d at 229; *see also Alvarez v. Sanchez*, 158 Cal.App.3d 709, 204 Cal.Rptr. 864 (Cal.App. 1 Dist.1984); *Steinbrecher v. Wapnick*, 24 N.Y.2d 354, 300 N.Y.S.2d 555, 248 N.E.2d 419 (1969). By committing this error of law, the trial court abused its discretion. *Grant v. Arizona*

*Public Service Co.*, 133 Ariz. 434, 455–56, 652 P.2d 507, 525–26 (1982).

■ Although the trial court cannot impose Rule 37(b) sanctions, strike the pleadings, or enter a default judgment, we conclude the following consequences may follow the father's invocation of his Fifth Amendment rights. First, the trial judge may draw a negative inference from the father's invocation of the Fifth Amendment. *Buzard*, 89 Ariz. at 48, 358 P.2d at 158; *Ikeda v. Curtis*, 43 Wash.2d 449, 458, 261 P.2d 684, 690 (1953). Unlike other jurisdictions, however, our supreme court allows the father to extinguish the negative inference by later choosing to testify at trial. *See Buzard*, 89 Ariz. at 48–49, 358 P.2d at 158 (although defendant invoked Fifth Amendment during his deposition, he extinguished the negative inferences when he testified at trial); 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2018, at 149 (1970) (criticizing Arizona's approach).

■ Second, if the father later chooses to testify, he waives the privilege against self-incrimination. *Brown v. United States*, 356 U.S. 148, 155–56, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958); *see also State v. Taylor*, 99 Ariz. 85, 90, 407 P.2d 59, 62 (1965); *State ex rel. McDougall v. Corcoran*, 153 Ariz. 157, 159–60, 735 P.2d 767, 769–70 (1987). A party cannot testify for his or her own advantage and then invoke the privilege and claim the right to be free from cross-examination. *Brown*, 356 U.S. at 155–56, 78 S.Ct. at 627; *Taylor*, 99 Ariz. at 91, 407 P.2d at 63. Thus, if the father chooses to retain the protection of the Fifth Amendment, he may not offer personal testimony to support his case.

■ If the father chooses not to personally testify at trial, he may still offer other evidence to meet his burden of proof. *Federal Practice and Procedure* § 2018, at 149–50 (1970).[1] In awarding custody, the

1. *See generally Alvarez,* 158 Cal.App.3d at 714, 204 Cal.Rptr. at 868 (entering default judgment when a party invoked the Fifth Amendment was unnecessary because additional witnesses and documentary evidence existed); *Costanza v. Costanza,* 66 N.J. 63, 328 A.2d 230 (1974) (court

did not enter default judgment when party invoked Fifth Amendment but instead ordered the invoking party to furnish a list of potential witnesses for pre-trial discovery purposes); *Annest v. Annest,* 49 Wash.2d 62, 64, 298 P.2d 483, 484 (1956) (court struck mother's testimony for

court must be guided by "the best interests of the child." A.R.S. § 25–332(A). In addition, "the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25–332(K). We conclude that the trial court cannot make specific findings that are in the best interests of the child if it enters a default judgment when one party invokes the privilege against self-incrimination. The court should not treat child custody as a penalty or reward for a parent's conduct. *Annest v. Annest,* 49 Wash.2d 62, 64, 298 P.2d 483, 484 (1956).

## CONCLUSION

The father may either offer personal testimony to support his case or invoke the protection of the Fifth Amendment. If he chooses the latter, the court may draw negative inferences and the father may not offer personal testimony at trial. He may, however, offer other evidence to support his case.

For these reasons, we accepted jurisdiction and granted relief. We vacated the trial court's order and remanded this case to determine custody in agreement with this opinion.

KLEINSCHMIDT, P.J., and VOSS, J., concur.

invoking the Fifth Amendment but heavily relied on the testimony of a minister in awarding her custody); *Young Sik Woo v. Glantz,* 99 F.R.D. 651 (D.C.R.I.1983) (court denied summary judgment when defendant invoked the Fifth Amendment because defendant may have been able to rebut plaintiff's case with other evidence).