NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE DEPENDENCY AS TO D.S., T.M., and T.S.

No. 1 CA-JV 23-0206
FILED 4-18-2024

---

Appeal from the Superior Court in Maricopa County
No. JD31954
The Honorable Melody Harmon, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1**　　　　Terriona M. (Mother) appeals from a finding, after an evidentiary hearing, that her children are dependent, claiming the court improperly drew an adverse inference when she refused to testify. Because Mother has shown no error, the dependency finding is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　In September 2022, a family member filed a dependency petition alleging that Mother abused and neglected three of her children (T.M., T.S. and D.S.). In October 2022, the Department of Child Safety (DCS) substituted in as petitioner and filed an amended petition alleging, as to Mother, physical abuse or failure to protect from physical abuse, neglect and domestic violence. The court placed all three children with a family member.

**¶3**　　　　Mother denied the allegations in the dependency petition. After some continuances, the court held a dependency adjudication, where the court received testimony from law enforcement officers and others. Mother, however, elected not to testify. Counsel for one of the children asked that the court "draw a negative inference from Mother's failure to testify." Mother's counsel responded she "has the right to decline to testify based on what . . . might have an impact on other matters," apparently referencing criminal matters.

**¶4**　　　　At an October 2023 hearing, the court found DCS had proven that the children were dependent to Mother by a preponderance of the evidence, noting Mother:

> is unable or unwilling to protect the children from physical abuse. The Court did draw a negative inference for [Mother's] failure to testify. The Court does find that the children have been neglected due to lack of food, and that the [M]other is unwilling or unable to provide proper parental care due to domestic violence. The Court finds that the neglect and abuse not only was credible from the children, but that it was corroborated by markings on their body, with both old and new bruises and scarring.

This court has jurisdiction over Mother's timely appeal from the dependency finding pursuant to Article 6, Section, 9, of the Arizona

Constitution, Arizona Revised Statutes (A.R.S.) sections 8-235(A), 12-120.21(A) and 12-2101(A) and Ariz. R.P. Juv. Ct. 602-03 (2024).[1]

## DISCUSSION

¶5        Citing *Melissa W. v. Department of Child Safety*, 238 Ariz. 115 (App. 2015), Mother's sole argument on appeal is that the superior court improperly drew an adverse inference about her failure to testify. Mother argues that the court erred because her "testimony would not have contained facts not otherwise available." *Melissa W.*, however, did not hold that a juvenile court is *only* allowed to draw an adverse inference when a parent has unique testimony. Instead, the court emphasized the importance of a parent's testimony in assessing that person's ability to parent. 238 Ariz. at 117 ¶ 8 ("Melissa points out that others could have or did testify about those topics. While accurate, this observation does not lessen the importance of Melissa's testimony about her ability to parent."). Indeed, *Melissa W.* wrote that "[a] juvenile court's drawing a negative inference when a parent fails to testify at a severance hearing is particularly appropriate," adding that there is "little benefit in adopting an approach that would permit a parent to forgo, without consequence, testifying about his or her ability to parent or about other circumstances relevant to the court's determination." 238 Ariz. at 117 ¶ 6. Thus, the superior court properly could draw an adverse inference from Mother's failure to testify regardless of whether her testimony contained facts not otherwise available.

¶6        Mother next argues that her right against self-incrimination and to due process were violated. She contends that she was "forced" to "choose between her right to due process at her dependency trial and her right to not potentially incriminate herself." A witness may claim a Fifth Amendment right against compulsory self-incrimination in any proceeding. *See Ming T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 79 ¶ 13 (App. 2001). However, in civil litigation -- like the dependency proceedings here -- a court properly may draw an adverse inference from the invocation of that right. *See, e.g., Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"); *Wohlstrom v. Buchanan*, 180 Ariz. 389, 391 n.2 (1994) ("[I]n civil cases, fact finders are entitled to draw negative inferences against those

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

who assert Fifth Amendment rights against self-incrimination."); *Montoya v. Superior Court*, 173 Ariz. 129, 131 (App. 1992) (similar).

## CONCLUSION

¶7          The dependency finding is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA